(63 App. Div. 603.)

### MARSHALL v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. RIOT—PLEADINGS—DESTRUCTION—MUNICIPAL CORPORATIONS—LIABILITY.
   Where a crowd of people assemble together, and unlawfully tear down buildings, without notice or warning to the owner, and no attempt is made by the police or any one else to stop the carrying out of the purpose of those assembled, the fact that there was no rioting or fighting, or unnecessary noise, does not excuse the city from liability, under Laws 1892, c. 685, § 21, declaring that cities shall be liable in damages for the destruction of property by a mob or riot without the owner's consent or negligence.

2. TRIAL—DISPUTED QUESTION OF FACT—LAW OF CASE.
   Where, on appeal, it has been held that there was sufficient evidence to send the case to the jury, the trial court, on the next trial of the cause, must submit the case to the jury, however great the preponderance of defendant's evidence may be.

3. DIRECTING VERDICT.
   Whenever there is a disputed question of fact, the case must go to the jury, though a verdict for plaintiff would not be permitted to stand.
   Williams, J., dissenting.

Action by Charles D. Marshall against the city of Buffalo. Motion by plaintiff for a new trial, on exceptions ordered to be heard in the first instance in the appellate division. Motion granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Adolph Rebadow, for plaintiff.
William S. Jackson, for defendant.

RUMSEY, J. This action was brought to recover damages suffered by the plaintiff because of the destruction of his property by a mob in the city of Buffalo about the 30th of July, 1897. It has been in this court once before. At the former trial the plaintiff was nonsuited at the close of the evidence given in his own behalf. Upon an appeal from the judgment entered upon that nonsuit, it was reversed; this court holding that the people who destroyed the plaintiff's property were a mob and riotous assemblage, within the meaning of section 21 of chapter 685 of the Laws of 1892, and that upon the evidence, as the case then stood, the plaintiff was entitled to recover damages for the destruction of his property. Upon this trial substantially the same evidence was given on behalf of the plaintiff as was given before, and which this court had held was sufficient to take the case to the jury, and to sustain a recovery. Marshall v. City of Buffalo, 50 App. Div. 149, 64 N. Y. Supp. 411.

It was not disputed that the buildings of the defendant were destroyed by a large number of people who were assembled together, and tore the buildings down, and carried away the material. That the proceeding was unlawful was not denied. That the plaintiff suffered serious damage could not be controverted. That sufficient violence and force was used to accomplish the purpose which the assemblage had in view necessarily follows. The evidence of the plaintiff tended to show that there was some fighting on the part of the mob among themselves, but that is not regarded as particularly important. The only necessary thing to enable the plaintiff to recover in such cases is that he should have had his property injured or destroyed by a mob or riot. It was held on the former appeal that the assemblage, under the circumstances in this case, constituted a mob or riot.

The evidence on the part of the defendant was addressed simply to showing that there was no actual fighting or unnecessary noise or rioting on the part of the persons who destroyed this property. There is no dispute as to the fact that it was destroyed unlawfully. No one claimed that any permission to do so had actually been given, although there was some evidence tending to show that some one had told the mob that they might destroy the property, and take away the material of which it was composed. The only effect of the evidence offered by the defendant, so far as we can see, was that the mob proceeded to accomplish the purpose for which they were gathered there as peaceably as might be, in the absence of any opposition to their course. This, however, we do not regard as very material evidence, when it appears that no attempt was made by the police or any one else to prevent the carrying out by the mob of their intention. The utmost that can be claimed for this evidence is that an inference arises that the mob was not disposed to do any violence other than what they did do in this particular case, and that they had no malice towards the plaintiff or any one else, but simply a desire to possess themselves of the material of which the buildings

were made, and which they had no right to.   We cannot see anything in the defendant's evidence which destroys the effect of the previous decision in this case, or furnishes any reason why that decision should not have been followed by the learned justice at the trial now under review.

We are not favored with any statement of the reason why the learned justice below made the rulings which he did.   It was probably in his mind that the evidence of the defendant entirely disproved the fact that this was a riotous mob or assemblage, within the meaning of the statute.   To that there are two answers.   In the first place, as upon this motion the evidence must be construed most favorably to the plaintiff, the ruling of this court upon the former appeal, that there was sufficient evidence to warrant the finding that the case was within the statute, still remains the law, and should be followed.   In the second place, taking all the evidence together, it necessarily appears that there was a disputed question of fact. Whatever may have been supposed to be the power of a trial court to nonsuit where the evidence so strongly predominates as to require it to set aside a verdict for the plaintiff if recovered, as has undoubtedly been the law of this state from the earliest time down to a very recent period (Stuart v. Simpson, 1 Wend. 376; Rudd v. Davis, 3 Hill, 287; Id., 7 Hill, 529; Hemmens v. Nelson, 138 N. Y. 517, 529, 34 N. E. 342; Laidlaw v. Sage, 158 N. Y. 73–96, 52 N. E. 679), it must now for the present be taken to be the law that no such power exists, and that whenever there is a disputed question of fact the case must go to the jury, although it is understood that a verdict for the plaintiff will not be permitted to stand (Fealy v. Bull, 163 N. Y. 397, 57 N. E. 631; McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282).   Following that recently established rule, we are bound to hold in this case that, as this court has previously held that there was sufficient evidence to send the case to the jury, the trial court was bound so to do, however great may have been the weight of the testimony introduced by the defendant to answer the plaintiff's contention.

The verdict must therefore be set aside, and a new trial granted, with costs to the appellant to abide the result of the action.

McLENNAN, J., concurs.   SPRING, J., concurs in result.   WILLIAMS, J., dissents.

ADAMS, P. J.   I concur in the foregoing opinion, in deference to the former decision in this court, which, until the same shall be reversed, must be regarded as conclusive.