HELEN REYNOLDS, Respondent, *v.* VILLAGE OF NYACK, ROCKLAND COUNTY, NEW YORK, Appellant.*

Second Department, February 26, 1940.

*James I. McGuire*, for the appellant.

*Benjamin Levison*, for the respondent.

CARSWELL, J. On June 13, 1939, plaintiff fell and suffered injuries on a sidewalk in the defendant village. She filed a notice of claim with the village clerk on July 8, 1939. She began this action to recover damages on November 10, 1939. The defendant village served an answer on November 22, 1939. Pursuant to section 341-c of the Village Law, on December 20, 1939, the defendant village served a subpœna requiring plaintiff to appear before the village clerk on January 3, 1940, at two P. M., to give evidence in reference to her claim. Thereupon plaintiff moved to vacate the subpœna on the theory that examinations under section 341-c are only authorized with respect to a claim that is not in suit. The County Court of Rockland county by order vacated the subpœna, and the village appeals.

Section 341 of the Village Law was first enacted as section 322 of chapter 414 of the Laws of 1897. It concerns actions against a village based on negligence and requires such an action to be commenced within one year after it shall have accrued. It provides that an action may not be maintained unless a verified statement of the claim upon which it is based shall have been filed with the village

clerk within thirty days after the cause of action has accrued. It further provides that an action on such a claim shall not be commenced until the expiration of thirty days after the claim is presented. The section refers with discrimination to a " claim " and to a " cause of action."

The Legislature in 1931 implemented a village with respect to the subject-matter of section 341 of the Village Law, so far as it concerned a " claim," by enacting section 341-c (Laws of 1931, chap. 365, § 2), which, in part, reads as follows:

" § 341-c. Examination on claims. It shall be the duty of the mayor to cause all claims to be thoroughly investigated. He shall have power to issue subpœnas to compel the attendance *of the claimant or any other person or persons* to appear, to be sworn or affirmed and to testify before him or the village clerk or the village counsel *relative to such claim,* and when so sworn to answer as to any facts relative to the justness *of such claim.*"

Section 341-c was primarily intended to enable a village to inform itself in respect of the opportunity afforded it under section 341 to settle or adjust a claim within thirty days. The section is an innovation in the common law and its scope is not to be extended beyond its plain and unambiguous language. (*Matter of Grout,* 105 App. Div. 98, 104.)

It is to be noted that although in section 341 the term " claim " and the phrase " cause of action " are used with precision there is no mention of " cause of action " in section 341-c.

In section 341 the Legislature has been careful to distinguish between a " claim " and a " cause of action," and in adding section 341-c it is to be presumed that it used the word " claim " in the same sense and with the same meaning in which it is used in section 341, to which section 341-c is supplementary. If it were intended that an examination under section 341-c could be had after a claim had become the subject of an action, the words " or cause of action " would be found following the word " claim " in said section.

It follows that a village may examine a claimant under section 341-c only in respect of a " claim." A claim may not be put in suit before the expiration of thirty days after it is presented. (Village Law, § 341.) A claim which has lawfully become the subject of an action may not be made the subject of an examination under section 341-c of the Village Law.

This view makes unnecessary determining — despite there being no time limitation contained in section 341-c — whether a village must exercise its right to examine upon a claim within thirty days as a consequence of the two statutes (§§ 341 and 341-c) being construed *in pari materia.*

The subpœna herein was not served until more than five months after the claim had been filed with the village clerk, and over one month after the claim had been put in suit. In the interim the village had not required the claimant to appear for examination. The subpœna, therefore, being unauthorized by section 341-c, under the facts herein, it was properly vacated.

Corresponding statutes have been similarly construed. In pertinent particulars section 341 and section 341-c are counterparts respectively of section 261 and section 149 of the Greater New York Charter. The charter sections and the Village Law sections use the term " claim " and the phrase " cause of action " with like discrimination.

It was held under these separate statutes that the power to examine conferred under section 149 of the charter was not unlimited and that it must be exercised before an action has been commenced upon a claim; that if the power to examine was not exercised before the claim became the subject-matter of an action, an examination could not be had under section 149, and the city was relegated to the provisions of the Code of Civil Procedure, on a parity with any other litigant. (*Matter of Grout, supra.*)

The manner of preserving rights by either party, under language similar to that contained in the Village Law, has been indicated. (*Moren* v. *City of New York*, 163 App. Div. 561; *Tolckinsky* v. *City of New York*, 164 id. 636; affd., 220 N. Y. 633; *Casey* v. *City of New York*, 217 id. 192.)

The order granting plaintiff's motion to vacate the subpœna requiring plaintiff to appear and be examined under section 341-c of the Village Law should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, JOHNSTON and ADEL, JJ., concur.

Order of the County Court of Rockland county, granting plaintiff's motion to vacate a subpœna requiring her to appear and be examined under section 341-c of the Village Law affirmed, with ten dollars costs and disbursements.