D. & D. CHEMIST SHOPS, INC., Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, January 21, 1944.

*Ignatius M. Wilkinson, Corporation Counsel* (*Frank J. Horan* of counsel), for defendants.

*William Lambert* for plaintiff.

VALENTE, J. This is a motion to dismiss an action on the basis of the Statute of Limitations.

The action is brought to recover for damage to property arising from the disturbances in Harlem during August, 1943. According to the complaint, damage was sustained on August 2, 1943, and the summons was served on November 26, 1943, almost four months thereafter. The only liability of the City for damage by mobs and riots is statutory. The statute creating such liability is section 71 of the General Municipal Law of the State of New York, which provides that a city or county shall be liable for damages by mobs and riots if the person whose property is destroyed or injured shall bring an action within three months after such injuries or damages were sustained. The three months' period expired on November 2, 1943 — twenty-four days before the action was brought.

In opposition to the motion plaintiff points out that section 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) constitutes a statutory prohibition against the commencement of an action against the City '' for any cause whatever '' unless at least thirty days have elapsed since the demand, claim or claims upon which the action is founded are presented to the Comptroller and unless the latter shall have

neglected or refused to make adjustment or payment thereof for thirty days after such presentment. The effect of this provision of the Administrative Code is to bar the plaintiff from suing for at least sixty days after the damage was sustained. If the defendants' contention is upheld, the three months' period for the commencement of suit granted by section 71 of the General Municipal Law would be whittled down to about one month.

Section 24 of the Civil Practice Act provides that " where the commencement of an action has been stayed * * * by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action." The application of this section is not confined to the limitations of time for the commencement of actions contained in the Civil Practice Act. The section extends as well to limitations of time for the commencement of an action contained in a contract between the parties or in a special statute. Thus, in the leading case of *Hamilton* v. *Royal Ins. Co.* (156 N. Y. 327, 331), the Court of Appeals said: " These general provisions [referring to provisions of the former Code of Civil Procedure which included the predecessor of section 24 of the Civil Practice Act] constitute essential and important elements of the statute. In their absence, its enforcement in many cases would be difficult or impossible, and in others would produce inequity and gross injustice. That they were intended to apply to all the limitations created by that statute [the Code of Civil Procedure], there can be no doubt, and no good reason is perceived why they should not apply to limitations created *by special statute* or the written contract of the parties. If they are necessary to modify or effectuate one class, they are equally so as to others. It is said, however, that the statute does not in express terms make them applicable to limitations created by special statute or written contract. While that is true it is also true that the statute does not provide that they shall not apply." (Italics and bracketed matter supplied.)

In the recent case of *Amex Asphalt Corp.* v. *City of New York* (263 App. Div. 968, affd. 288 N. Y. 721) an examination of the record on appeal in the Court of Appeals reveals the action was held to have been timely brought although it was commenced after the expiration of one year from the date of the filing of the final certificate in the Comptroller's office, notwithstanding the existence of a contractual provision that no action by the contractor was to lie or be maintainable unless commenced within one year after the filing of such certificate.

The Court of Appeals affirmed the ruling of the Appellate Division that the provisions of section 24 of the Civil Practice Act were applicable and had the effect of extending the time for the commencement of the action for the length of time during which the provisions of section 394a–1.0 of the Administrative Code of the City of New York prohibited and barred the commencement of an action.

The only essential difference between the instant case and the *Amex* case is that here the limitation of time to sue is contained in a special statute, whereas in the *Amex* case it was embodied in a contract between the parties.

Under the reasoning above quoted of the Court of Appeals in *Hamilton* v. *Royal Ins. Co.* (*supra*) it is clear that section 24 of the Civil Practice Act is equally applicable to limitations of time contained in a special statute.

The motion to dismiss is denied.