BUTCHERS' MUTUAL CASUALTY CO. OF NEW YORK, Plaintiff, v. CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 14, 1944.

*Ignatius M. Wilkinson, Corporation Counsel* (*Frank J. Horan* and *Philip E. Berman* of counsel), for defendant.

*Jerome J. Greilsheimer* for plaintiff.

LEVY, J. This motion to dismiss the complaint is based solely upon the contention that the action was not commenced within the time prescribed by the provisions of section 71 of the General Municipal Law, which require that an action for damage by mob or riot be brought within three months after the damage was sustained. According to the complaint, the damage occurred on the 1st and 2nd days of August, 1943. The summons was not served until January 3, 1944, more than three months thereafter. However, sixty days must be added to plaintiff's time to sue, in view of the fact that for that period of time plaintiff was not free to commence an action by reason of the requirements of section 394a–1.0 of the Administrative Code of the City of New York. (L. 1937, ch. 929, § 394a–1.0; *D. & D. Chemist Shops* v. *City of New York,* 181 Misc. 686.) It follows that as to the damage which occurred on August 2, 1943, plaintiff had sixty days from November 2, 1943 (which is three months from the date of the damage), within which to sue. This sixty-day period expired on January 1st, a public holiday. January 2nd fell on Sunday. The commencement of the action on Monday, January 3, 1944, was therefore timely as to such damage as was sustained on August 2, 1943. (See General Construction Law, § 20.) Since the present motion seeks dismissal of the complaint in its entirety on the basis of the untimeliness of the action, the motion must be denied.

Attention should, however, be directed to the fact that plaintiff claims that section 71 of the General Municipal Law has been repealed by chapter 544 of the Laws of 1942 (New York State War Emergency Act), and that it is suing on a common-law liability of the City. If any such liability exists plaintiff's action is clearly not barred by the time limitation prescribed in section 71 of the General Municipal Law and is within the time limit fixed for suit in section 394a–1.0 (*supra*). The question of whether or not such a common-law liability exists is not presented to the court for determination, since the present motion does not seek dismissal of the complaint for insufficiency but proceeds solely on the theory that the action was not commenced within the time prescribed by section 71 of the General Municipal Law.

For the reasons indicated the motion to dismiss is denied.