In the Matter of JOSEPH RUSSO, Respondent, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Appellants.

Argued April 19, 1945; decided June 14, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* and *James Hall Prothero* of counsel), for appellants. The right of examination by the Police Commissioner as to the justness of petitioner's claim is not lost by the institution of the City Court action since the examination under the statute is independent of any proceedings taken by a claimant. (Administrative Code, § 434a–33.0; § 435–4.0, subd. a, pars. 1, 3, subd. b; *Matter of Hirshfield* v. *Craig,* 239 N. Y. 98; *Matter of Edge Ho Holding Corp.* 256 N. Y. 374; *Matter of Scheer Realty Co.* v. *Higgins,* 257 N. Y. 541; *Matter of Hoyt,* 258 N. Y. 569; *Lamport* v. *Smedley,* 213 N. Y. 82; *People* v. *Federated Radio Corporation,* 244 N. Y. 33; *White* v. *Cotzhausen,* 129 U. S. 329;

*Ayers et al.* v. *Lawrence et al,* 59 N. Y. 192; *Allen* v. *Stevens,* 161 N. Y. 122; *Casey* v. *City of New York,* 217 N. Y. 192; *Tolchinsky* v. *City of New York,* 164 App. Div. 636, 220 N. Y. 633; *Simpson et al.* v. *St. John,* 93 N. Y. 363.)

*Nathaniel H. Kramer* for respondent. I. The motion to vacate and quash the subpœna was properly granted. II. The Police Commissioner issued his subpœna after the commencement of the action and after the joinder of issue and after the case had been noticed for trial and set down for trial for a day certain thus bringing it clearly within the rule of law laid down. (*Matter of Grout,* 105 App. Div. 98; *Reynolds* v. *Village of Nyack,* 258 App. Div. 667.)

LEHMAN, Ch. J. The petitioner-respondent was arrested on or about February 25, 1944, on a charge of vagrancy. At the time of his arrest the sum of $2,600 was taken from his person and was deposited with the property clerk of the Police Department pursuant to the provisions of section 435–4.0 of the Administrative Code. The petitioner was acquitted of the charge against him and then demanded the return of the money from the property clerk. His demand was refused and the petitioner-respondent thereupon commenced an action for conversion of his property against the property clerk in the City Court of the City of New York. Issue was joined on March 23d, twenty-seven days after the petitioner's arrest.

The same section of the Administrative Code which provides that " property or money taken from the person and possession of a prisoner " shall be deposited with the property clerk, also provides that " The property clerk shall have power to administer oaths to and take affidavits and depositions of any person or claimant in all matters pertaining to the powers and duties of the property clerk, and property and money in his custody and claims thereto " (Administrative Code, § 435–4.0, subd. a, par. 3, as amd. by Local Laws, 1943, No. 47). On April 7, 1944, the property clerk sent a letter to petitioner notifying him to " appear before the undersigned for examination with reference to your claim for $2600 covered by voucher 44K852, at his office at 400 Broome Street, Borough of Manhattan, City of New York, on April 14, 1944 at 2 p. m." At the same time the property

clerk sent a letter to the attorney for the petitioner enclosing a copy of several notices of examination, including that of Joseph Russo, and stating: " Enclosed are copies of notices for your clients to appear for examination before the undersigned on the 14th inst. at 2 p. m.  I have notified the Corporation Counsel to direct the examination and you may cross examine."  The attorney replied stating that his clients would not appear and informing the property clerk: " I am of the opinion that you lack such authority to examine my clients in any of these cases, by reason of the fact that they are not claimants within the meaning of the local law upon which you pretend to act.  These persons are plaintiffs in respective actions and you are not entitled to examination before trial of these plaintiffs unless ordered by the Court.  The cases are governed by the Civil Practice Act and not by the local law that you profess to exercise."

The property clerk of the Police Department, though empowered " to administer oaths to and take  *  *  *  depositions *  *  * in all matters pertaining to  *  *  * property and money in his custody and claims thereto " is not expressly empowered to issue subpœnas to compel persons to attend before him for examination; but power to issue such subpœnas is conferred upon the Commissioner and his deputies by section 434a–33.0, subdivision a, of the Administrative Code.  Accordingly, the Commissioner on April 25th issued a subpœna requiring the petitioner to appear and be sworn before the property clerk on April 28th, " to answer orally as to any facts relative to the justness of a certain account or claim against the Property Clerk,  *  *  * the said sum being for $2600.00, as indicated on voucher #44K852 ".  In the proceedings which we are now reviewing the petitioner moved for an order quashing and canceling the subpœna.  The motion was granted at Special Term and the Commissioner and the property clerk have appealed, by permission of the Appellate Division, from the order of the Appellate Division affirming the order of Special Term.

The money taken from the person of the petitioner at the time of his arrest was lawfully placed in the custody of the property clerk of the Police Department and the petitioner claims that money as his own and has demanded its return.

The Administrative Code in plain language empowers the property clerk to administer oaths to " any person *or* claimant in all matters " pertaining to " property and money in his custody *and* claims thereto ". Until the petitioner was discharged and began an action against the property clerk to recover damages for conversion of the property placed in the custody of the property clerk, the right to examine not only a claimant but " any person " concerning the ownership of the property was not open to challenge. The section of the Administrative Code which authorizes such examination does not in terms provide that the authority to examine ceases when a claim is rejected and an action commenced to enforce the claim, but we are told that such a limitation must be read by necessary implication into the statute as written (citing *Matter of Grout,* 105 App. Div. 98, and *Reynolds* v. *Village of Nyack,* 258 App. Div. 667).

We have frequently pointed out that it is the duty of the courts to give effect to statutes as they are written and that we may not limit or extend the scope of the statute as written unless literal construction of the statute would produce a result which the Legislature plainly did not intend. In the cited cases the Appellate Division of the Second Department held that where a statute confers upon a municipal officer power to examine a claimant or other persons upon matters connected with or pertinent to a claim which under the statute must be presented to the official at least thirty days before an action can be brought upon such claim against the municipal corporation, the power to examine must be exercised before the action is begun. The cited cases were not reviewed in this court, and we now point out only that under the statutes as construed by the courts in those cases the requirement that an action might not be begun until thirty days after presentation of the claim, served no purpose except to give to the appropriate municipal officer time to investigate the claim; and the power to examine the claimant or other persons upon matters pertaining to or connected with such claim was conferred upon the official " solely " for the purpose of obtaining facts or information which " would enable such official to intelligently determine whether to adjust, settle and pay it  *  *  *  or, in the event of doubt, after asserting such facts as to its legality,

excessiveness, inability to settle or compromise for a reasonable amount * * *, to reject it ". (*Matter of Grout, supra,* p. 106.) Under the statute upon which the appellants rely in the case now under consideration, presentation of a claim is not made a condition precedent to the bringing of an action; there may be many claims made upon the property clerk for the property in his custody, and the power to examine conferred upon him is not limited to ascertainment of the justness of a claim in order to enable the clerk to determine whether he should recognize it but extends to " all matters pertaining to the powers and duties of the property clerk, and property and money in his custody " as well as to " claims thereto ". None of the factors which induced the Appellate Division in the cited cases to read a limitation into the statute there construed are present here. The statute as written confers upon the property clerk a broad power of examination in regard to matters and to claims which may never become the subject of an action, and we find no sufficient reason to read into the statute as written an unexpressed limitation that the power to examine may be exercised only during the period when no claimant has brought an action to enforce his own claim. Indeed, it seems to us that the purpose of the Legislature might at times be thwarted if such a limitation were read into the statute.

The order of the Appellate Division should be reversed, with costs, and the application to quash the subpœna dismissed.

DYE, J. (dissenting). This proceeding challenges the jurisdiction of the Police Commissioner and the property clerk of the New York City Police Department to subpœna and examine the petitioner in the exercise of their investigatory powers as to moneys in their custody, it being claimed by the petitioner that such powers do not survive the commencement of a civil suit to determine the same issue.

When the petitioner was arrested on a charge of vagrancy, he had in his possession the sum of $2,600 in cash, which the arresting officer said the petitioner had stated was being delivered to a bookmaker, and he was required to deposit it with the property clerk (Administrative Code, § 435–4.0, subd. b) who still has it in his custody. Upon acquittal of the vagrancy charge and release from custody, the petitioner demanded return

of the money and was refused. He thereupon commenced an action in the City Court of the City of New York for return of the money and conversion. The City joined issue by filing an answer and the case was set for trial.

Before the case was reached for trial, the property clerk served upon the petitioner a demand to appear before him for examination with reference to the subject matter of the pending action. The petitioner refused to comply. Whereupon the Police Commissioner issued a subpœna (Administrative Code, § 434a–33.0) requiring the petitioner to appear before the property clerk on a date and time certain " to answer orally as to any facts relative to the justness of a certain account or claim against the Property Clerk * * * for $2,600.00 * * * ".

The instant proceeding was thereupon commenced to quash the subpœna.

The use of the word " claims " in the statute conferring power on the property clerk to determine ownership of funds in his custody (Administrative Code, § 435–4.0, subd. a, par. 3) and the absence of the words " any action or proceeding " as used in the statute relating to the establishment of a lawful right (Administrative Code, § 435–4.0, subd. f) clearly indicate a legislative intent to draw a distinction between claims submitted in person to the property clerk and actions and proceedings brought through the medium of a civil process in a court of law. Had the Legislature intended otherwise it could have said so by the simple device of including the words " action or proceeding " (*Reynolds* v. *Village of Nyack,* 258 App. Div. 667). These words cannot be read into the statute for by so doing the Commissioner of Police and the property clerk could circumvent the judicial process by proceeding to a disposition of the issue as a claim, which, of course, is not the legislative intent.

That a distinction was contemplated by the Legislature is further strengthened by the statutory requirement that " in any action or proceeding * * * a claimant * * * shall establish that he has a lawful title or property right in such * * * money and lawfully obtained possession thereof and that such * * * money was held and used in a lawful manner " (Administrative Code, § 435–4.0, subd. f), which thus defines the elements of a prima facie case necessary to establish a lawful property right in a civil suit.

The service of the answer by the Corporation Counsel put the various elements essential to establish the petitioner's lawful right to the money in issue for determination by the court, the judgment of which the property clerk was bound to accept.

By limiting the property clerk's investigatory powers to " claims " not in issue the statute does not leave him without a remedy for " in any action or proceeding " there is still available to him, in a proper case, the examination before trial as prescribed by the Civil Practice Act. (Civ. Prac. Act, § 288 *et seq.*)

The order appealed from should be affirmed, with costs.

LOUGHRAN, LEWIS, DESMOND and THACHER, JJ., concur with LEHMAN, Ch. J.; DYE, J., dissents in opinion in which CONWAY, J., concurs.

Order reversed, etc.