In the Matter of ELEANOR WARD et al., Petitioners, against INCORPORATED VILLAGE OF HEMPSTEAD, Respondent.

Supreme Court, Special Term, Nassau County, June 12, 1950.

*Charles G. Ritter, Village Attorney,* for respondent.

*James M. O'Connell* and *Thomas E. Abrahams* for petitioners.

HOOLEY, J. Application pursuant to section 341-c of the Village Law for an order directing the Sheriff to apprehend and bring before the village clerk and village attorney of the village of Hempstead, Eleanor Ward and Frank Ward who, heretofore on or about June 14, 1949, filed claims against said village for personal injuries suffered by Eleanor Ward and for loss of service and medical expenses sustained by Frank Ward. After the filing of such claims subpœnas were issued to said claimants on or about July 2, 1949, requiring them to appear before the village clerk on July 7, 1949, for examination as to their claims pursuant to section 341-c of the Village Law. Said claimants did not appear. Subsequently on or about April 14, 1950, they commenced an action in the Supreme Court against the Village of Hempstead. Thereafter, on April 27, 1950, a supplemental subpœna was served on the Wards returnable May 4, 1950. On advice of counsel they failed to appear and this application is brought to compel said appearance. It is contended by the Wards that the village, by the service of the second subpœna, abandoned any rights which it might have had under the first subpœna.

The law is settled that a village must exercise its right to examine upon a claim before an action thereon is started (*Reynolds* v. *Village of Nyack,* 258 App. Div. 667). In that case the court vacated a subpœna to examine the claimant which had been served more than five months after the filing of the claim and over one month after the institution of suit. The court there said (p. 668): " A claim which has lawfully become the subject of an action may not be made the subject of an examination under section 341-c of the Village Law."

That would appear decisive of this application since the action was instituted before the subpœna of April 27, 1950, was issued.

As to the first subpœna, it was the duty of the village to institute a proceeding similar to this because of the violation of the subpœna order. The village had thirty days after the claim was filed to bring about the examination. Having failed to do so under the decision in *Reynolds* v. *Village of Nyack* (*supra*) the village lost its right to examine after suit had been started. See, also, *Matter of Grout* (105 App. Div. 98, 106.)

Accordingly, the application is denied.