VIVIAN J. BUDUSON, as Administratrix of the Estate of LOUIS H. BUDUSON, Deceased, Respondent, *v.* WILLIAM CURTIS, Defendant, and CITY OF WATERTOWN, Appellant.*

Fourth Department, March 23, 1955.

*Kenneth W. Brett, Corporation Counsel,* for appellant.

*Lawrence Conboy* for respondent.

McCURN, P. J.    On January 1, 1953, plaintiff's intestate received injuries from which he died on January 8, 1953.    He left surviving his widow and ten minor children.    On May 15, 1953, letters of administration were issued to the widow who as such administratrix served a notice of claim upon the City of Watertown on August 11, 1953.    This action to recover damages for the alleged wrongful death of the intestate was com-

---

* See *Motyka* v. *City of Oswego, post,* p. 1013.— [REP.

menced on December 24, 1953. The complaint alleged among other things that plaintiff had in compliance with section 50-e of the General Municipal Law, made due service of a notice of claim on the City of Watertown within ninety days after the claim arose.

The defendant City of Watertown moved at Special Term to dismiss the complaint as against it, on the ground that the complaint failed to state a cause of action, and for summary judgment under rule 113 of the Rules of Civil Practice. The motion as to both grounds was denied and the city appeals from the order. The appeal requires a determination as to whether the notice of claim against the defendant city was given " within ninety days after the claim arises " as required by section 50-e of the General Municipal Law. The city contends that requirement for the giving of the notice of claim should be construed to mean ninety days after death, while the plaintiff contends that the statute contemplates a notice of claim within ninety days after the issuance of letters of administration.

Section 50-e of the General Municipal Law (L. 1945, ch. 694) was enacted upon the recommendation of the Judicial Council. The report of the Judicial Council pointed out that the time period for giving a notice of claim against municipal corporations varied in existing State-wide statutes and municipal charters and proposed that there should be uniformity throughout the State as to the time period for filing such claims (Ninth Annual Report of N. Y. Judicial Council, 1943, pp. 227-258; Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 265-296). Section 50-e of the General Municipal Law was thereafter enacted and now provides that where a notice of claim is required as a condition precedent to the commencement of an action against a public corporation the notice " shall be given within ninety days after the claim arises."

The decisions in effect at the time of the enactment of section 50-e held that a cause of action for wrongful death accrued or arose upon the appointment of the executor or administrator, and that the time for serving a notice of claim began to run from the date of the appointment of such representative. (*Barnes* v. *City of Brooklyn,* 22 App. Div. 520; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Conway* v. *City of New York,* 139 App. Div. 446, affd. 208 N. Y. 567; *Boffe* v. *Consolidated Tel. & Elec. Subway Co.,* 171 App. Div. 392, affd. 226 N. Y. 654.)

The determination of this appeal depends entirely upon whether or not the Legislature by its enactment of section 50-e so changed the rule enunciated in the above-cited cases as to

require that the time period for filing a notice of claim as a condition precedent to an action for wrongful death should thereafter be computed from the date of death. Various State-wide statutes providing for notice of claims in tort actions, in effect at the time section 50-e was enacted, limited the time period by various expressions such as " ninety days after the injury complained of " (Town Law, § 67, as amd. by L. 1941, ch. 30); " three months after the happening of the accident or injury " (Second Class Cities Law, § 244, as amd. by L. 1940, ch. 406); " within thirty days after the cause of action shall have accrued " (Village Law, § 341, as amd. by L. 1940, ch. 405). There are several others but these will serve for illustrative purposes. The Legislature corrected the variance in the time periods by establishing a uniform time period of sixty days (now ninety days). The reports of the Judicial Council called specific attention to the confusion arising from the varying time periods existing in the State-wide statutes and city charters throughout the State. It made no criticism, however, nor indeed any particular mention of the established starting point from which to compute the time period. Its recommendation was that the time period be uniformly fixed as " ninety days after the claim arises." From a literal viewpoint at least the words " after the claim arises " do not appear to be repugnant to the expressions used to designate the starting time in the existing statutes. On the contrary the newly adopted language would seem to be consistent with and inclusive of the variously expressed designations of the starting point appearing in the then present statutes. The new language appears so similar in meaning as to afford a presumption that the Legislature intended that it should be construed as the language in the former law had so long been construed. (See *Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281, 288.) It must be assumed in any event that the Legislature was cognizant of the existing statutes and the construction placed upon them by the courts. (*Matter of Cole,* 235 N. Y. 48; *Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24.) It must be assumed that the Legislature knew that the starting point for measuring the time within which a claim for wrongful death was required to be served under the statutes then in existence had long since been held to be the date of the appointment of the representative of the estate. Had the Legislature intended to change the law in this important particular so as to start the time running from the date of death it is reasonable to assume that it would have done so in express language. In any event the courts are not free to impute to

the Legislature an intent to change a long-standing and well-established rule of law in the absence of a clear manifestation of that intent. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 153.)

" When the legislature amends or considers afresh a statute it will be assumed to have knowledge of judicial decisions interpreting the statute as then existing and if it deals with it in a manner which does not rebut or overthrow the judicial interpretation it will be regarded as having legislated in the light of and as having accepted such interpretation." (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24, 30, *supra;* see, also, *Matter of Cole,* 235 N. Y. 48, 53, *supra.*)

We are unable to discover any indication either in the language of the statute, its history, or the reports of the Judicial Council which recommended the law, that the Legislature intended to make any change in the starting point from which to compute the time for filing the required notice of claim in a wrongful death action. Had any such intent been present in the minds of the legislators it could have been easily and understandably expressed. If it should now be thought more desirable to compute time from the date of death rather than from the time of the appointment of a representative of the estate as heretofore, such a change is a matter of policy to be determined by the Legislature rather than by the courts under the guise of construction. (*People* v. *Friedman,* 302 N. Y. 75, 79.)

The question before us has been recently passed upon by the First Department in *Joseph* v. *McVeigh* (285 App. Div. 386). It was there held that the period for filing a notice of claim in a death case begins to run from the time of the appointment of an executor or administrator. We are in accord with that decision and with the reasoning so clearly expressed in the opinion of Mr. Justice CALLAHAN.

We have given careful consideration to the decision of the Court of Appeals in the recent case of *Winbush* v. *City of Mount Vernon* (306 N. Y. 327) and have concluded that the decision there is not an authority for the contention advanced by the appellant here. That case did not involve the question which we are called upon to decide here. The court there held, as we read the decision, that it was within the discretion of the Supreme Court to permit Mary Winbush who had served a notice of claim on the city individually and in her capacity as next of kin, to amend the notice of claim so as to recite the words " individually and as administratrix " after her name. It did not hold nor did it intend to suggest, as we read the

opinion, that a notice of claim must be served within ninety days after death, or that it is erroneous to compute the time for service from the date of the appointment of the administratrix.

The order appealed from should, therefore, be affirmed, with $10 costs and disbursements.

KIMBALL, J. (dissenting). I am unable to agree with the construction placed upon section 50-e of the General Municipal Law as expressed in the majority opinion. The purpose of the statute was to effect uniformity as to the period within which a notice of claim in a tort action against a public corporation should be given. The section is general in character. It applies to all tort cases without the mention of any particular action and without the exception of any. On its face, the apparent intention was that the limitation period for giving notice of claim was to be uniform whether the action was in negligence or for some other tort. Section 50-e has nothing to do with the time when a cause of action accrues nor with the period of limitation within which any tort action must be commenced. In an action for wrongful death by an executor or administrator, by section 130 of the Decedent Estate Law, the two-year period within which to commence the action begins upon the death of the decedent. Nothing is contained in said section which has any reference to the " notice of claim " which is the subject of section 50-e of the General Municipal Law.

I think that there is no inconsistency between section 50-e of the General Municipal Law and section 130 of the Decedent Estate Law. One relates to " notice of claim " and the other relates to " cause of action ". " Notice of claim " is not synonymous with " cause of action ". The apparent confusion arises from failure to distinguish between the two. It was held in *Matter of Mulligan* v. *County of Westchester* (272 App. Div. 927) that the claim did not arise, in an action for wrongful death, until the appointment of an administrator. That holding was based upon the decision in *Boffe* v. *Consolidated Tel. & Elec. Subway Co.* (171 App. Div. 392, affd. 226 N. Y. 654) which held only that an action under section 130 of the Decedent Estate Law could not be commenced until the appointment of an administrator. In the *Boffe* case, the defendant was not a public corporation and the question of notice of claim was not even involved nor mentioned.

I think that on the death of a decedent occasioned by wrongful act, a " claim " arises even though the action to enforce the claim may not be brought until an administrator or executor

qualifies. It is from the date of death also that the two-year period begins to run within which to bring the action and such two-year period runs whether or not a representative has been appointed. In other words, there is no extension of time to commence the action simply because there is no representative in existence. So, likewise, there is no extension of time within which to file notice of claim even though no representative has been appointed.

It seems plain to me that by the enactment of section 50-e of the General Municipal Law, it was the intention of the Legislature to require a notice of claim within the ninety-day period in all tort actions. Had it been intended to make an exception, that could easily have been done. The Legislature distinguished between a " notice of claim " and a " cause of action ". The distinction between a " claimant " and a " plaintiff " was recognized in *Reynolds* v. *Village of Nyack* (258 App. Div. 667) where the court in referring to the Village Law (§§ 341, 341-c) said (p. 668): " the Legislature has been careful to distinguish between a ' claim ' and a ' cause of action ' ". In *Matter of Russo* v. *Valentine* (294 N. Y. 338) the Court of Appeals distinguished the *Reynolds* case but the dissenting opinion cited it on the point of " a legislative intent to draw a distinction between claims submitted in person to the property clerk and actions and proceedings brought through the medium of a civil process in a court of law."

If that distinction is kept in mind, the provisions of section 50-e fall into the proper places. Subdivision 1 uses the phrase " after the claim arises." Subdivision 5 provides for the filing in certain instances " within a reasonable time *after the expiration of the time specified in subdivision one.*" (Emphasis mine.) Subdivision 5 also provides that application for leave to file late must be within a year " after the happening of the event upon which the claim is based ". That " event " in an action pursuant to section 130 of the Decedent Estate Law can only refer to the death of the decedent. A claim is not based upon the appointment of an administrator. The " basis " of the claim is the wrongful death. So, I think that throughout section 50-e, it is clear that the claim arises on the date of death.

Care must be taken not to confuse " notice of intention to commence an action " with " notice of claim ". It has been held prior to the enactment of section 50-e that a notice of intention to sue must be given by one in whom the right to sue resided. The Legislature specifically abolished " notice of intention to commence an action." Former authorities as to that

are no longer relevant or controlling. Subdivision 2 of section 50-e does not even require that the claimant must verify the claim. It may be " sworn to by or on behalf of the claimant ". In a death action, the real claimants are the surviving spouse or next of kin. The administrator or executor is a mere nominal party plaintiff who may or may not have any interest in the recovery and one who may not in the true sense of the word be a " claimant " at all. We think the Court of Appeals in *Winbush* v. *City of Mount Vernon* (306 N. Y. 327) has determined that a distinction must be made between a " claim " and " a cause of action " and that the two are not synonymous. The opinion reads (p. 334) : " While no one except an administrator or executor may bring a death action, there is no reason, in statute or in reason, why a person, who is one of the next of kin to be benefited by a death action, may not file a notice of claim, which is not a pleading in a lawsuit, but merely a notice of injury and intention to make claim therefor."

The purpose of requiring a notice of claim is simply to put a public corporation on notice that it may be required to respond in damages. It should have reasonable opportunity to make a prompt investigation of the circumstances. Were it to be held that the notice of claim in a death action may be filed at any time within ninety days after the appointment of an executor or administrator, then the very purpose of the notice is nullified. On the last day of the two-year period within which to commence action, an administrator could be appointed, a notice of claim filed and an action commenced. In such case, instead of a ninety-day period, there would be a two-year period subsequent to death, during which the municipality might have no knowledge of claim at all and therefore no opportunity for investigation. I think the Legislature contemplated no such result.

All concur, except KIMBALL, J., who dissents and votes for reversal and granting the motion, in an opinion in which VAN DUSER, J., concurs. Present — McCURN, P. J., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Order affirmed, with $10 costs and disbursements.