Domenick L. Gabrielli, J.
Between the 24th and 26th of July, 1964 because of civil disturbances within the City of Rochester, the plaintiff sustained considerable damage from the destruction of its fixtures, store and looting of the interior thereof, in consequence of which an action has been brought seeking damages against the City of Rochester in the sum of $11,414.58. Upon the argument of this motion, it developed that numerous other such suits and claims had been brought and made against the city, as the result of these civil disturbances.
The basis for the present claim is section 71 of the General Municipal Law which provides that: “ § 71. Liability for damages by mobs and riots. A city or county shall be liable to a person whose property is destroyed or injured therein by a mob or riot, for the damages sustained thereby, if the consent or negligence of such person did not contribute to such destruction or injury, and such person shall have used all reasonable diligence to prevent such damage, shall have notified the mayor of the city, or sheriff of the county, of a threat or attempt to destroy or injure his property by a mob or riot, immediately upon acquiring such knowledge, and shall bring an action therefor within three months after such damages were sustained. A mayor or sheriff receiving notification of a threat or attempt to destroy or injure property by a mob or riot shall take all lawful means to protect such property; and if he shall neglect or refuse, the person whose property shall be destroyed or injured, may elect to bring his action for damages against such officer instead of the city or county.”
*939 The answer admits that crowds of persons were present in the vicinity of the plaintiff’s premises; that its property was destroyed and damaged because of the riotous and mob actions of these persons, but denies any liability for this damage.
The defendant moves for summary judgment pursuant to CPLR 3212 and claims (1) that the complaint fails to state a cause of action, and (2) that the action is barred.
At this point, let us dispose of any claim that the city defendant is liable at common law for damage caused by mobs or riots. The Supreme Court of the United States has steadfastly held that a municipality incurs no liability at common law for damages sustained as the result of mobs or riots. That court held in Louisiana v. Mayor of New Orleans (109 U. S. 285) that the right of recovery was not founded in common law, but would have to be created by an act of the Legislature (as here). To the same effect were the holdings in City of Chicago v. Sturges (222 U. S. 313) and Wells Fargo & Co. v. Mayor and Aldermen of Jersey City (207 F. 871, affd. 219 F. 699, cert. den. 239 U. S. 650).
In our own State courts, a case which ran the gamut of the trial and appellate courts succinctly held and states this same principle. In Finkelstein v. City of New York (182 Misc. 271, affd. 269 App. Div. 662, affd. 295 N. Y. 730) the court granted the defendant’s motion to dismiss an action brought for damages resulting from the Harlem riots of 1943 and clearly held that any right to damages had to be created by statutory enactment and did not exist at common law. This has likewise been held in D. & D. Chemist Shops v. City of New York (269 App. Div. 741) and 146 West 117th St. v. City of New York (50 N. Y. S. 2d 569).
The plaintiff must, therefore, entirely predicate its claim on the provisions of section 71 of the General Municipal Law; and, in the absence of other statutory impediments, this section would create liability on the facts set forth in the complaint.
However the Legislature by the enactment of chapters 445 and 544 of the Laws of 1942 (called the New York State War Emergency Act of 1942) suspended the operation of section 71 of the General Municipal Law. Later amendments to this act extended its life through July 1, 1946.
By chapter 544 of the Laws of 1942 (above mentioned), there was also enacted a statute (§ 40) called the War Emergency Act which declared the provisions of section 71 of the General Municipal Law inoperative, for well-defined and well-grounded reasons and which reasons being successively declared to be in the aid of civil defense, have been consistently assigned for its repassage. The effectiveness of this exclusion has been extended *940 to July 1, 1965. (See L. 1951, ch. 784, § 121, as amd., duration of act.) Subdivision 3 of section 113 of the Defense Emergency Act (L. 1951, ch. 784, § 113, subd. 3) provides as follows: “ § 113. Immunity from liability. * * * 3. The provisions of section seventy-one of the general municipal law shall be inoperative and shall not apply with respect to property destroyed or injured by mobs or riots.”
The court must conclude that section 71 of the General Municipal Law is inoperative and the complaint does not, therefore, state a cause of action.
This action was commenced by the service of a summons and complaint on October 19, 1964. A notice of claim was likewise filed the same day. The requirements of sections 50-e and 50-i of the General Municipal Law and section 422 of the Municipal Code of the City of Rochester have not been met. The defendant’s motion is granted, without costs.