Arnold L. Fein, J.
Plaintiff, a sole proprietor, sues the city, pursuant to section 71 of the General Municipal Law, for alleged damage to his drug store sustained during a riot on July 19, 1964. Notice of claim under section 50-e of the General Municipal Law was duly and properly served on the city. However, the Comptroller’s examination of plaintiff was not had until after the service of process in this action. The case was submitted by stipulation on the issue of liability only, on the city’s motion to dismiss grounded on the New York State Defense Emergency Act and failure to comply with section 50-h (subds. 2, 5) of the General Municipal Law.
Municipal liability for riot damage is purely statutory, under section 71 of the General Municipal Law, there having been no such liability at common law. (Finkelstein v. City of New York, 182 Misc. 271, affd. 269 App. Div. 662, affd. 295 N. Y. 730; Marshall v. City of Buffalo, 50 App. Div. 149, 63 App. Div. 603, affd. 176 N. Y. 545.) Liability under the statute is absolute, once the facts of damage and riot are shown. However, there must be compliance with section 50-e et seq. of the General Municipal Law respecting notice of claim, examination, etc. (Goldberg v. County of Westchester, 199 Misc. 859; Butchers Mut. Cas. Co. v. City of New York, 182 Misc. 809.)
At the time plaintiff allegedly sustained riot damage, the New York State Defense Emergency Act expressly provided that section 71 of the General Municipal Law should be “ inoperative and shall not apply with respect to property destroyed or injured by mobs or riots.” (New York State Defense Emergency Act, L. 1951, ch. 784, § 113, subd. 3; § 121; extended to July 1, 1965 by L. 1962, ch. 345; extended until July 1, 1968 by L. 1965, ch. 398.) Prior legislation, utilizing precisely the same language, was held to be constitutional and a complete defense. (Finkelstein v. City of New York, supra).
It has been suggested that the current statute perhaps ought not to be so interpreted because its original intention was to provide for civil defense and to cover possible civil disturbances *661 in connection with the national involvement in the Korean War and not riot damage sustained because of essentially domestic problems. (Municipal Tort Liability; Statutory Liability of Municipalities for Damage Caused by Mobs and Biots, 50 Cornell L. Q. 699 [1965].) Current problems and discussions demonstrate the imperative and pressing need to deal effectively both with the causes and consequences of riots. However, the remedies, at least as to compensation for property damage, lie with the Legislature, not the courts. (See United States Riot Commission Report; Report of the National Advisory Commission on Civil Disorders [Bantam, 1968], especially ch. 14, pp. 358-360.)
The provisions of the statute making section 71 of the General Municipal Law inoperative at the time of the riot damage sustained in this case are flat, express and unambiguous and admit of no interpretation, and are not made to depend on national involvement in war, as even the referenced article concedes. (Finkelstein v. City of New York, supra; Hart’s Food Stores v. City of Rochester, 44 Misc 2d 938; Mr. Paint Shop v. City of Rochester, 44 Misc 2d 684; D. & D. Chemist Shops v. City of New York, 269 App. Div. 741 revg. 181 Misc. 686, on the authority of Finkelstein v. City of New York, supra; 146 W. 117th St. v. City of New York, 50 N. Y. S. 2d 569). The city’s motion to dismiss must be granted.
Moreover, the institution of the action prior to the examination by the Comptroller of the City of New York also requires dismissal (General Municipal Law, § 50-h, subds. 2, 5). Complaint dismissed.