Joseph Lief, J.
Motion for a protective order (CPLR 3103) and for an order dismissing affirmative defenses (CPLR 3211, subd. [b]) is denied.
The accident in which one of the plaintiffs was injured occurred on February 28,1969. Their notice of claim was served on May 9, 1969, well within the 90 days permitted (General *150 Municipal Law, § 50-e, subd. 1). On June 24th, when more than 30 days had elapsed since the filing of the notice of claim, plaintiffs served their summons and complaint. On July 30th, • or approximately 82 days after the filing of the notice of claim, defendant sought to examine plaintiff's pursuant to section 50-h of the General Municipal Law. The plaintiffs assert that inasmuch as the action had already been instituted, the defendant township is barred from having the examination because the matter is no longer in the status of a claim and the defendant is limited to an examination before trial and physical examination in the lawsuit. Plaintiffs rely upon Reynolds v. Village of Nyack (258 App. Div. 667).
Reading sections 50-h and 50-i of the General Municipal Law together, it appears that the Legislature intended that the municipality should have 90 days from the date of the filing of the notice of claim in which to demand an examination of claimant. However, should the municipality fail to make its demand within 30 days from the time when the notice of claim was served, then plaintiffs need no longer be delayed but could begin their action (§ 50-i, subd. 1, par. b, supra). It does not follow that the intention was to permit the claimants, by serving a summons, to limit the statutory period provided for the municipality to ask for the examination.
Reliance by the moving parties on Reynolds v. Village of Nyack (supra) is misplaced. There, the court construing a statute different from that with which we are concerned said that the particular language of the statute permitted an examination only with respect to a claim and that once the claim had matured into an action the right to examine had been abandoned (Reynolds v. Village of Nyack, supra, p. 668).
Subdivision 2 of section 50-h (supra) provides that the 90 days in which the municipality may request the examination runs from the date of the filing of the notice of claim and there is nothing which would foreclose an examination of the claimant should he become a plaintiff within that 90-day period. This is the natural construction of the statute. The Legislature has given municipalities special consideration because of the volume of claims made against municipalities and the areas which our local governments must supervise. For illustration, a municipality may have two physical examinations of a claimant, once in the preaction stage and again after the action is brought (§ 50-h, subd. 1, supra, last sentence).
Though it is not pertinent to the decision here it may be noted that difficulties may arise from the fact that subdivision 5 of section 50-h (supra) provides that the action may not be begun *151 unless the claimant has complied with the demand for the examination while subdivision 1 (par. [c]) of section 50-i (supra), provides that the action must be begun within one year and 90 days from the accrual of the cause of action. Many situations might be imagined where this would cause some difficulty, for it'has been held that the time for beginning the action would not be tolled by any waiting period (Joiner v. City of New York, 26 A D 2d-840).
The answer not having been submitted, the court has not considered the merits of the motion pursuant to CPLR 3211 (subd. [b]).