Saul S. Streit, J.
Plaintiff, Franklin Society Federal Savings and Loan Association (Franklin), moves pursuant to CPLR 3211 (subd. [b]) for an order dismissing the affirmative defense contained in paragraph “ Ninth ” of defendant’s answer on the ground that it has no merit and that a defense is not stated.
The pertinent facts for the purpose of this motion are not in dispute. Franklin alleges that on June 17, 1970, it was damaged because of purported negligence on the city’s part. Pursuant to section 50-e of the General Municipal Law plaintiff served a written notice of claim and intention to sue upon the defendant on September 14, 1970. On November 2, 1970, plaintiff instituted the present proceeding with the service of a summons and complaint. Shortly thereafter, on approximately November 16, 1970, Franklin received from the city a demand for examination as is authorized by section 50-h of the General Municipal Law.
*676 Under .section 50-i (snbd. 1, par. [b]) of the General Municipal Law, “No action or special proceeding shall be prosecuted or maintained against a city * * * unless, (a) a notice -of claim shall have been made and served upon the city * * * in compliance with section fifty-e of this chapter, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused ”. In reliance upon the cited portions of the foregoing statute, plaintiff contends that, upon the passage of 30 days after the service of the notice of claim and in the absence of any prior demand for examination by the city, it may properly commence an action for negligence.
However, the city maintains that section 50-i (subd. 1, par. [b]) of the General Municipal Law, as interpreted by plaintiff, will completely frustrate the clear intent of section 50-h of the General Municipal Law. Under section 50-h (subd. 2) of the General Municipal Law “No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of filing of the notice of claim.” Section 50-h (subd. 5) of the General Municipal Law further specifies that ‘1 Where a demand for examination has been served as provided in subdivision ,two of this section no action shall be commenced against the city * * * unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements- of section fifty-e of this chapter. ’ ’ In short, the city contends that, when the previously quoted -sections of section 50-h of the General Municipal Law are read in conjunction with each other, it becomes clear that a 90-day mandatory waiting period for the commencement of any action against the municipality is created under CPLE 204 (subd. [a]).
Of the cases cited in the city’s brief, only two are particularly relevant to the issue presented herein. In Israel v. City of New York (28 Misc 2d 418 [1961]), ,the court therein held that in determining whether a Statute of Limitations had run against a claimant, it was necessary to add the mandatory waiting period to the prescribed one-year Statute of Limitations under section 394a-1.0 of the Administrative Code. However, there is dicta in that decision to the effect that a (p. 419) “ plaintiff is constrained to wait until demand is actually made and the examination held before he can commence an action ”. In- a subsequent proceeding, the second principal reason for dismissing the complaint .therein was asserted to be the fact that *677 the action had been instituted prior to the examination by the Comptroller of the City of New York (Canter v. City of New York, 57 Misc 2d 659 [1968]). However, a perusal of both the Israel and Canter cases fails to reveal any rationale for their conclusion that a 90-day mandatory waiting period exists under section 50-h of the General Municipal Law.
On the other hand, Franklin’s analysis of the sections of the General Municipal Law under discussion has recently been sustained in a well-reasoned Supreme Court decision in Nassau County (Bergman v. Town of Hempstead, 61 Misc 2d 149 [1969]). There, plaintiffs served their summons and complaint between the 30th and 90th day after service of their notice of claim and before the defendant served its demand for examination. In rejecting plaintiffs’ assertion that the township was barred from having an examination under section 50-h of the General Municipal Law because of the inception of the action, the court stated (p. 150):
‘ ‘ Reading sections 50-h and 50-i of the General Municipal Law together, it appears that the Legislature intended that the municipality should have 90 days from the date of the filing of the notice of claim in which to demand an examination of claimant. However, should the municipality fail to make its demand within 30 days from the time when the notice of claim was served, then plaintiffs need no longer be delayed but could begin their action (§ 50-i, subd. 1, par. b, supra). It does no.t follow that the intention was to permit the claimants, by serving a summons to limit the statutory period provided for the municipality to ask for the examination.”
Support for the line of reasoning propounded in the Bergman case is implicitly found in two Fourth Department decisions. (Renwick v. Town of Allegany, 18 A D 2d 877 [1963] ; Widger v. School Dist. No. 1, 23 A D 2d 811 [1965].) In each of the afore-mentioned cases, the appellate court dismissed a complaint in part or in toto because it had been served within 30 days after service of the notice of claim. However, a fair inference to be gleaned from both dispositions is that a valid cause of action would have been pleaded had 30 days actually elapsed between the service of the notice and the commencement of the action.
From the foregoing discussion, it is apparent that neither of the cases upon which defendant primarily relies advances one reason to support the proposition that section 50-h of the General Municipal Law creates a 90-day mandatory waiting *678 period that supersedes the otherwise straightforward language of section 50-i (subd. 1, par. [b]) of the General Municipal Law. Furthermore, the history of those sections fails to indicate any intent by the Legislature to accomplish indirectly what it could have more expeditiously accomplished by the passage of a specific bill propagating a 90-day prohibitory period. When these factors are considered together with the thoughtful exploration on this subject in .the Bergman case and the persuasive authority of the Fourth Department decisions in this area, plaintiff’s motion must be granted.