OPINION OF THE COURT
Jack J. Cannavo, J.
The plaintiffs herein have moved for an order striking the second affirmative defense of defendant alleging violation of General Municipal Law § 50-h on the grounds that defendant was not entitled to a municipal hearing because the defendant’s notice for a municipal hearing was defective and untimely.
The plaintiffs served a written verified notice of claim on July 17, 1985, as required by General Municipal Law § 50-e. Said notice of claim alleges that the infant plaintiff was shoved, and, as a result, he struck his head on the sharp edge of a chair. This occurred while he was a student at the Tremont Avenue Elementary School.
On or about October 29, 1985, the plaintiffs were served with a notice to take an examination under oath on February 3, 1986. The action against the defendant was commenced on January 24, 1986. The plaintiffs allege that this notice to take a deposition was untimely and ineffective since it was not served within 90 days from the date of filing a notice of claim. Additionally, plaintiffs state that the notice was ineffective because the date for the examination, February 3, 1986, was unreasonable.
On February 19, 1986, the defendant, Patchogue Medford UFSD No. 24, served an answer to the complaint. The defendant alleges, as its second affirmative defense, “that this action was instituted in violation of Section 50-h of the General Municipal Law which provided that the defendant is entitled to hold a Municipal Hearing as a condition precedent to the plaintiff instituting an action.”
The General Municipal Law, in relevant part, states: “The demand shall give reasonable notice of the examination. It shall state the person before whom the examination is to be held, the time, place and subject matter thereof and, if a physical examination is to be required, it shall so state. No demand for examination shall be effective against the claimant for any purpose unless it shall be served as provided in this subdivision within ninety days from the date of filing of the notice of claim.” (§ 50-h [2].) This section was enacted in *410 1958 to facilitate investigation of claims by municipalities while the facts are readily available. The memorandum of the Joint Legislative Committee on Municipal Tort Liability which describes the underlying purpose of the legislation provides:
"Complete investigation requires that the claimant, particularly where the accident was unwitnessed, be examined with respect to the facts concerning his claim * * *
"This bill would give the cities, counties, towns, villages and school districts the right to examine a tort claimant before the commencement of an action; as under existing law certain municipal corporations now have such right and where such right exists it has been of substantial value in determining the merits of claims in advance of litigation as to justify its extension to the cities, counties, towns, villages and school districts generally.” (1958 NY Legis Ann, at 193.)
The defendant school district has cross-moved for an order directing plaintiffs to appear for a hearing under oath pursuant to General Municipal Law § 50-h.
The General Municipal Law provides that a demand to examine should be served within 90 days of the filing of a notice of claim. However, there is no indication in the law or the legislative history that this 90-day period is to be treated as a Statute of Limitations. Therefore, the court will not accept plaintiffs’ contention that the school district waived its right to an examination by failing to demand a hearing within 90 days of the filing of the notice of claim (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 172).
However, although this court finds that the 90-day period within which to demand a hearing is not a Statute of Limitations, that alone cannot end this analysis. There is no requirement in General Municipal Law § 50-h that an injured plaintiff must wait until a hearing is held to commence his action when the demand is not timely filed (Wallace v City of New York, 126 Misc 2d 56; Bergman v Town of Hempstead, 61 Misc 2d 149), since the demand for an examination does not toll the one year and 90-day Statute of Limitations (Lowinger v City of New York, 64 AD2d 888; Joiner v City of New York, 26 AD2d 840). To hold otherwise would permit a municipality to theoretically foreclose all plaintiffs from suing by stalling the service of the demand. Therefore, the plaintiff is not prevented from commencing his suit until the General Municipal Law § 50-h hearing is held if the municipality has failed to serve *411 the demand within 90 days. The plaintiffs’ motion to strike the second affirmative defense is granted.
Although the second affirmative defense has been stricken, the defendant school district should be given the opportunity "to make a prompt investigation of the circumstances of a claim” (memorandum of Joint Legislative Committee on Municipal Tort Liability, 1958 NY Legis Ann, at 193; see, Brown v Board of Trustees, 303 NY 484). Therefore, the court will direct the plaintiffs to appear for an examination before trial on July 16, 1986, at 10:00 a.m. at the office of John Braslow, 1469 Deer Park Avenue, North Babylon, New York (CPLR 3101, 3106).