WALTER D. STRAUSS, Plaintiff, v. RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, CITY OF NEW YORK, WILLIAM F. GRELL, Park Commissioner of the City of New York, Defendants.

(Supreme Court, New York Special Term, December, 1918.)

Statutes — chap. 710 of the Laws of 1900, amending chap. 102 of the Laws of 1893, is constitutional — when motion for judgment on pleadings denied — constitutional law.

The statute (Laws of 1900, chap. 710, amending Laws of 1893, chap. 102) which restricts the use of the "Harlem River Driveway," commonly known as the "Speedway," to the driving thereon of horses attached to light carriages, does not violate constitutional rights and an ordinance founded upon said statute is valid.

A motion by plaintiff for judgment on the pleadings in an action to enjoin the city of New York and its park commissioner from preventing the driving of an automobile on said road will be denied and a demurrer to the complaint sustained.

If the public is inconvenienced and seriously prejudiced by the continuance of the use of the driveway for its present purposes the proper remedy is with the legislature.

MOTION for judgment on the pleadings.

J. Baldwin Hand, for plaintiff.

William P. Burr, for defendants.

COHALAN, J.   Plaintiff sues to enjoin the defendants from preventing him from driving his automobile on and over the Harlem River Driveway, commonly known as the Speedway. This driveway was acquired and opened under chapter 102 of the Laws of 1893. This act provided that when so opened, except as to sidewalks, it should be used for the riding of equestrians and the driving of carriages. By chapter 710 of the Laws of 1900 the act of 1893 was amended by restricting the use of the Speedway to the driving of horses attached to light carriages. Both the act of 1893 and the act of 1900 contained a further provision conferring upon the park department the power to make such other rules and regulations in addition to these restrictions as it deemed advisable for the use of the Speedway and the exclusion therefrom of any vehicle the use of which might injure it or render it dangerous, unfit and inconvenient for the purposes declared in the act. Subsequent to the enactment of the act of 1900 the park department adopted this ordinance: "The use of the Speedway is restricted to horse-drawn pleasure vehicles and to light vehicles of the classes known as buggies, runabouts, surreys and other light vehicles adapted to the speed of light harness horses,

seating not more than four persons and drawn by one or two horses, except by permit.'' The plaintiff's grounds of complaint are these: (1) That the act of 1900 is unconstitutional because it deprives him of a right vested in him by the original act of 1893 to drive on and over the Speedway in his automobile and grants to a few who own or drive horses the exclusive right to use the thoroughfare, and (2) that the ordinance of the park department is void because it is founded upon the invalid statute of 1900, and further because it restricts the use of the Speedway to horse-drawn pleasure vehicles, whereas the statute restricted the use to horses attached to light carriages used for pleasure driving. It is my view that the act of 1900, restricting the use of the driveway, is a valid statute. The power of the legislature over the use of the streets is unquestioned. *People* v. *Kerr,* 27 N. Y. 188; *People ex rel. Van Norden* v. *Saratoga Springs,* 90 App. Div. 555; *Cicero Lumber Co.* v. *Town of Chicago,* 176 Ill. 9. Under this power the legislature may regulate and restrict the use of the streets. In respect of the constitutionality of the act in question it would seem that this case is controlled by that of *People ex rel. Cavanagh* v. *Waldo,* 72 Misc. Rep. 416; affd., 149 App. Div. 927; 205 N. Y. 589. In that case the park commissioner of the borough of Brooklyn adopted a regulation restricting the use of Ocean Boulevard to horses and light carriages and excluding all other kinds of vehicles, cycles and motor vehicles. The relator drove an automobile on the boulevard in violation of that regulation. He was arrested on a charge of violating section 610 of the charter, which makes the violation of a park ordinance a misdemeanor. He obtained a writ of habeas corpus, claiming that his arrest was illegal upon the ground that the legislation deprived him of the equal protection of the laws and was an attempted

24

diversion of public property to the benefit of private individuals. The court upheld the validity of the statute, and the appellate courts affirmed the principle that the state has full control and authority over public streets and may set apart a way for a peculiar use so long as the public are accorded the privilege of exercising that use. A particular use accorded a few designated persons exclusively is improper. *Johnson* v. *City of New York,* 186 N. Y. 139. In that case an ordinance was considered which purported to permit certain specified persons to use a highway on a certain day for conducting an automobile race. But that is different from restricting the use of a thoroughfare without excluding the public from the restricted use, and such a use is not a taking of private property. *People* v. *Kerr, supra.* The contention that the statute is obsolete may not be sustained. The courts have settled the principle that they cannot dispense with a statutory rule because it may appear that the policy upon which it was established has ceased. *Brown* v. *Clark,* 77 N. Y. 369. The case of *Trustees of Columbia College* v. *Thacher,* 87 N. Y. 311, does not sustain the plaintiff's position. That case deals with the effect of changed conditions upon restrictive covenants in a deed, and hence has no bearing upon the question here presented, which deals with legislative enactments. The statute has been in force only eighteen years, and from the allegations of the complaint it has been in force during all this time as to the whole of the driveway, except a part upon which it is alleged automobiles are permitted to drive. The plaintiff has undoubtedly pursued a wrong remedy for the enforcement of such rights as he claims in his complaint. If the public is inconvenienced and seriously prejudiced by the continuance of the use of the driveway for its present purposes the statute should be repealed by the legislature.

Plaintiff's motion for judgment on the pleadings is denied, and the demurrer herein is sustained, with ten dollars costs.

Motion denied.