RAYMOND J. McGLONE, Respondent, v. KARL NANN and TERRANCE G. CONNOR, Copartners Doing Business under the Name and Style of NANN TRUCKING COMPANY, Appellants.*

Fourth Department, March 15, 1939.

*Hancock, Dorr, Ryan & Shove*, for the appellants.

*Bond, Schoeneck & King*, for the respondent.

PER CURIAM. A preference has been granted in this action and it has been marked as a preferred cause on the calendar of the Trial Term of the Supreme Court of Onondaga county.

The defendants appeal from an order refusing to vacate the order of preference.

* Affg. 169 Misc. 590.

The plaintiff was injured in the course of his employment and was entitled to compensation under the Workmen's Compensation Law. He has brought this action against third parties, claiming that his injuries were caused by their negligence.

The Civil Practice Act provides that " civil causes are entitled to preference among themselves, in the trial or hearing thereof, in the following order. * * * 21. An action brought by a person injured in the course of his employment, who is entitled to compensation under the Workmen's Compensation Law, and who elects to sue a third party who caused his injuries." (Civ. Prac. Act, § 138, subd. 21.)

Prior to September 1, 1937, an employee entitled to workmen's compensation was required, before compensation was awarded to him, to elect whether to take compensation or to pursue his remedy against a third party. (Workmen's Comp. Law, § 29.) This section was amended so as to provide that the injured employee need not elect whether to take compensation or to pursue his remedy against a third party, but might take compensation and prior thereto, or within six months after the award of compensation, might pursue his remedy against a third party. (Workmen's Comp. Law, § 29, as amd. by the Laws of 1937, chap. 684.)

The defendants claim that the preference was granted for the purpose of enabling an injured employee to secure speedy relief in case he sued a third party and that such provision is no longer useful because an injured employee may receive compensation pending the determination of a suit against a third party. The defendants claim that, therefore, this provision should be deemed to have been repealed. However, the Legislature has not directly repealed this provision of the Civil Practice Act.

In passing upon the contention of the defendants it must be observed that the preference is not granted directly to any litigant, but is a preference among the actions at issue. It is difficult to say that this preference has not at the present time any useful purpose. The Legislature may have decided to continue it in force so that the Industrial Commission could have a speedy decision as to whether an injured employee was to receive compensation under the Workmen's Compensation Law or to receive an award for damages for his injuries from a third party. It certainly would be to the advantage of the State when an employer was insured in the State Insurance Fund to have an early determination as to whether or not it would be necessary to use the State insurance funds to pay compensation to an injured employee.

A determination that this provision of the law is no longer useful should be made by a legislative body and should not be decreed

by a court. This particular preference provision of the Civil Practice Act is not inconsistent with other laws and if it is to be repealed, it should be done by the Legislature and not by judicial fiat. The courts would be entering a new field of statutory construction if they were to hold that a statute no longer serves a useful purpose and, therefore, should be deemed repealed. It would be extending beyond reasonable limitation the rule as to repeal of a statute by implication to hold that this provision of the Civil Practice Act has been repealed.

The commencement of this action by plaintiff was a sufficient election to sue the third parties who caused his injuries within the meaning of that term as used in subdivision 21 of section 138 of the Civil Practice Act.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.