WILLIAM A. FRAZER, Appellant, v. DORIS BADER, Defendant, and FRANK G. SHATTUCK Co., Respondent.— Plaintiff in an action for personal injuries, appeals from an order dismissing the complaint as to one of two defendants and granting other relief. Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Respondent's time to answer is extended until ten days from the entry of the order hereon. From the highly diffuse and redundant complaint, which includes unnecessary allegations of control by the corporate defendant of an automobile involved in the accident, the following may be gathered: Defendant-respondent, Frank G. Shattuck Co., employed a doorman at one of its stores. His duties included directing persons who visited the store in the placing of their automobiles in front of the premises. While he was directing the individual defendant in placing her car at the curb, the car backed against and knocked down a ladder on which plaintiff was standing while working on the marquee in front of the building, and plaintiff was thrown to the sidewalk and injured. From these allegations it is inferable that the operator of the car acted upon and was guided by the directions of the doorman, and that the latter, knowing or being charged with knowledge of the presence of the ladder, directed the operator to back against it. Defendant Shattuck Co. was not required to direct the placing of cars in front of its premises, but when it undertook to do so, through its doorman, as alleged, it became liable if he acted negligently (*Marks v. Nambil Realty Co., Inc.*, 245 N. Y. 256, 258); and the material allegations, if established by proof on a trial, would support a finding that he did so act. The question of the "control" of the automobile by defendant Shattuck Co., as the term is used ordinarily concerning motor vehicles, is not in the case. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

ALFRED V. GAWEL, JR., an Infant under the Age of Fourteen Years, by ALFRED V. GAWEL, His Guardian ad Litem, and ALFRED V. GAWEL, Appellants, v. THOMAS DELUCA, Respondent.— Order denying plaintiffs' motion for an order vacating and setting aside the default judgment dismissing their complaint and restoring the case to the trial calendar reversed on the facts, without costs, and motion granted upon payment of ten dollars costs to defendant. In our opinion the default was not willful but due solely to the illness of plaintiffs' trial counsel. Johnston, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., dissents and votes to affirm.