Clarence H. Brisco, J.
There iare two motions before the court. The first motion is directed against the answer of the County of Monroe to dismiss the affirmative defense set forth *685 in the answer of the County of Monroe. This affirmative defense is that any action against the county pursuant to section 71 of the General Municipal Law is barred by the provisions of the New York State Defense Emergency Act. (L. 1951, ch. 784, as amd.)
The second motion is directed against all the affirmative defenses interposed by the City of Rochester in its answer to the complaint. These affirmative defenses of the City of Rochester, in order, are: The first affirmative defense is that the action is not brought within three months after the damage alleged; the next affirmative defense is that the notice of claim served on the City of Rochester was defective insofar as it did not comply with subdivision 2 of section 50-e of the General Municipal Law; the next affirmative defense is that the complaint fails to state a cause of action by reason of the provisions of section 113 of the Defense Emergency Act; the next affirmative defense is that the cause of action is barred by section 113; the next affirmative defense is that the complaint fails to state a cause of action grounded in common-law negligence or breach of duty; the next affirmative defense is that the plaintiff is not the real party in interest; and the next affirmative defense is that the plaintiff has been reimbursed for its damages from insurance proceeds.
At the beginning of the argument before Special Term, the plaintiff stipulated in open court that its claim was based upon a claimed statutory cause of action pursuant to section 71 of the General Municipal Law and not on a common-law violation of duty.
It is well settled that at common law a municipality was not liable for damage resulting from mob violence or riots. (Ann. 13 A. L. R. 751-779; Davidson v. Mayor etc. of City of N. Y., 27 How. Prac. 342 [1864].)
Section 71 of the General Municipal Law, which is derived from chapter 428 of the Laws of 1855, established the liability of municipalities for damages sustained by mobs and riots.
In 1942 (L. 1942, ch. 544) the Legislature enacted section 40 of the War Emergency Act which declared the provisions of section 71 of the General Municipal Law inoperative. This suspension is a temporary emergency measure kept alive by re-enactment at successive sessions of the Legislature. The latest re-enactment extended the effectiveness of the act to July 1, 1965 (Defense Emergency Act; L. 1951, ch. 784; L. 1962, ch. 345).
In the court’s opinion the Legislature in its wisdom chose to preclude municipal liability for riot damage until July 1, 1965. Section 71 has not been repealed.
*686 In Finkelstein v. City of New York (182 Misc. 271, affd. without opinion 269 App. Div. 662, affd. without opinion 295 N. Y. 730), the court held that the plaintiff had no cause of action by reason of alleged damages from riots. The New York State Defense Emergency Act should be so interpreted. It is fair to assume that the Legislature was cognizant of previous statutes and interpretations placed upon them by the courts. (Matter of Cole, 235 N. Y. 48, 53; Orinoco Realty Co. v. Bandler, 233 N. Y. 24, 30; Buduson v. Curtis, 285 App. Div. 517, 519, affd. without opinion 309 N. Y. 879.)
Then, too, the courts cannot dispense with the statutory rule. (Brown v. Clark, 77 N. Y. 369, 373; McGlone v. Nann, 256 App. Div, 549, 550-551; Strauss v. Enright, 105 Misc. 367, 370, affd. without opinion 187 App. Div. 946.)
The court is of the opinion that the first and second affirmative defenses interposed by the City of Rochester should be stricken. The first affirmative defense reads: ‘ ‘ That this action is barred by the Statute of Limitations in that the action is not brought within three months after the damages alleged in the complaint are claimed to have been sustained.”
Section 71 of the General Municipal Law provides that the injured party “ shall bring an action therefor within three months after such damages were sustained.”
CPLR 204 (subd. [a]) provides: “ Where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced.”
Section 50-i of the General Municipal Law provides that 30 days must elapse between the filing of the notice against the city or county and the institution of an action, in any action or special proceeding maintained against the city or county for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city or county. Goldberg v. County of Westchester (199 Misc. 859) holds that an action under section 71 of the General Municipal Law must be preceded by a written notice of claim, and that the 30-day waiting period required by what was then section 6-a of the County Law must be complied with.
The predecessor of CPLR 204 (subd. [a]) was section 24 of the Civil Practice Act. The decisions under section 24 of the Civil Practice Act and under section 204 (sulbd. [a]) are authority for the contention that the 30-day waiting period provided by section 50-i of the General Municipal Law extends the three months’ Statute of Limitations contained in section 71 of the General Municipal Law. (De Jose v. Town of Hempstead, 25 *687 Misc 2d 780; Berman v. City of Syracuse, 14 Misc 2d 893; Sullivan v. City of Watervliet, 285 App. Div. 179; Mulligan v. County of Westchester, 272 App. Div. 929.)
It is thus seen that because the claims must be with the city and county for a period of 30 days before .suit can be instituted, that the period within which a summons and complaint can be served against the city or county is extended by 30 days, so that 3 months and 30 days in this particular instance constitutes the time within which suit may be brought rather than 3 months.
The damage is claimed to have occurred on July 25 and July 26,1964. The notice of claim was filed with the City of Rochester on September 18,1964. The summons and complaint was served on the City of Rochester on November 2, 1964. It will thus be seen that the notice of claim against the city was served within 3 months after the happening of the occurrence; that more than 30 days elapsed after the notice of claim had been served and before institution of suit; and that suit was instituted within 3 months and 30 days after the happening of the occurrence.
In the action by the plaintiff against the City of Rochester, the motion to dismiss .the first, second, sixth and seventh affirmative defenses is granted. The motion to dismiss the third, fourth and fifth affirmative defenses is denied.
In the action by the plaintiff against the County of Monroe, the motion to dismiss the affirmative defense set forth in its answer is denied.