Harold Baer, J.
This is a motion for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the grounds that the complaint fails to state a cause of action.
This is an action brought on behalf of numerous store owners whose premises were vandalized and destroyed during the civil disturbances which occurred in the spring of 1968. The motion to dismiss is predicated on the settled proposition that absent statutory authority no action of common law lies against a municipality for property damage sustained by an individual by reason of mob violence or riots (Finkelstein v. City of New *1078 York, 182 Misc. 271, affd. 269 App. Div. 662, affd. 295 N. Y. 730; 146 West 117th St. v. City of New York, 50 N. Y. S. 2d 569; Mr. Paint Shop v. City of Rochester, 44 Misc 2d 684; Mandel v. City of New York, N. Y. L. J., Aug. 4, 1971, p. 12, col. 7), and indeed this court has recently had occasion to pass on a similar case which resulted in a dismissal of the complaint (Gray v. City of New York, N. Y. L. J., March 27, 1974, p. 17, col. 6).
The plaintiffs in the instant case urge that this case is distinguishable from the above-cited cases in that the liability in this case is based on the doctrine enunciated in Schuster v. City of New York (5 N Y 2d 75). The Schuster case stated that although as a general rule the City of New York, or any municipality, cannot be held liable for damages as a result of a failure to furnish police protection, it can be held liable where it assumes a duty to provide police protection but does so in a negligent manner.
If these allegations be proven, and for the purposes of this motion they must be conceded (Cohn v. Lionel Corp., 21 N Y 2d 559), then there is indeed a viable cause of action. Schuster, in effect, applied to a municipality the cardinal principle of tort law that one who voluntarily undertakes a duty, is responsible for negligence in the performance of such an assumed duty even though the duty did not exist before it was voluntarily assumed (Prosser, Law of Torts [3d ed.], p. 339; Marks v. Nambil Realty Co., 245 N. Y. 256; Frazer v. Bader, 263 App. Div. 838; Schuster v. City of New York, supra).
In the instant case the plaintiffs allege that the city by its officials encouraged and permitted the looting and destruction of plaintiffs ’ property, prevented the plaintiffs from protecting their property and assured them that they would receive police protection. The complaint then alleges that the defendant stood by and permitted the looting and destruction to occur.
It is precisely on these points that this case is distinguishable from the cases relied upon by the defendant in that in the cases cited there was no duty and no affirmative action was taken to assume such a duty. In the case at bar it is alleged that the plaintiffs were ready, willing and able to protect their premises but that they were restrained by the police who assured them that proper police protection would be provided. There is therefore alleged an affirmative series of acts by which the city assumed a special duty which it is alleged it subsequently abandoned.
Although it is well settled that a municipality acting in its governmental capacity, cannot be held liable for a failure to *1079 furnish police protection to a particular individual to whom no special duty is owed (Riss v. City of New York, 22 N Y 2d 579; Bass v. City of New York, 38 A D 2d 407, affd. 32 N Y 2d 894), it is liable where such a duty has been created or assumed (Schuster v. City of New York, supra).
As Chief Judge Cardozo stated in Moch Co. v. Rensselaer Water Co. (247 N. Y. 160, 167): “ If conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, there exists a relation out of which arises a duty to go forward (Bohlen, Studies in the Law of Torts, p. 87) ”.
Therefore should the allegations of the complaint be proven the defendant could be held liable for the abandonment of its assumed duty, and a viable cause of action is stated. The court is not unmindful of the defenses that could be raised with respect to the defendant’s proper exercise of its police power, which could negate liability under these circumstances (Levy Leasing Co. v, Siegel, 194 App. Div. 482, affd. 230 N. Y. 634, affd. 258 U. S. 242). However this defense is not pleaded and consequently is not before the court.
Accordingly, the motion to dismiss is denied.