■ MICHAEL R. HARRIS et al., Appellants, v ALFRED PAYNE, Respondent. —In an action to recover damages for false arrest, malicious prosecution and assault, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County, dated August 17, 1977, which granted defendant's motion to dismiss the complaint for failure to serve a notice of claim pursuant to sections 50-j and 50-k of the General Municipal Law. Order reversed, without costs or disbursements, and motion denied. The plaintiffs and the defendant, a New York City police officer, are neighbors. As a result of an altercation between the defendant and the plaintiff Michael Harris, the defendant arrested Mr. Harris. Mr. Harris was tried on two counts of assault in the third degree and was acquitted of the charges. The plaintiffs thereafter brought this suit against the defendant on theories of false arrest, malicious prosecution and assault. The actions were dismissed for failure to serve a notice of claim on the City of New York pursuant to sections 50-e and 50-j of the General Municipal Law. It cannot be determined, from the face of the pleadings, whether the alleged tortious acts of the defendant were committed under circumstances which would require that a notice of claim be served on the City of New York, or whether the city would be required to indemnify the defendant if a judgment is obtained against him. These questions cannot be answered until the facts are developed at a trial. Hopkins, J. P., Latham, Damiani and Suozzi, JJ., concur.

■ FRANK HURTIG et al., Respondents, v WILLIAM D. PODMORE, Appellant, et al., Defendant. (And Three Other Actions.)—In consolidated actions and proceedings, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Huntington made on August 5, 1976, which, in part, found that the three structures on the appellant's land may each be legally occupied by one family, as a continuing nonconforming use, the appeal is from an order of the Supreme Court, Suffolk County, entered February 24, 1978, which denied the appellant's motion to, in effect, vacate a default judgment of the same court, entered January 6, 1978, and to restore the matters to the trial calendar. Order reversed, without costs or disbursements, and motion granted. In our opinion it was an improvident exercise of discretion to deny the motion to vacate the appellant's default in appearing for trial. That default was caused by his attorney's actual engagement in another court and her illness later that afternoon (see *Benn v Baltimore & Ohio R. R., Co.,* 286 App Div 992; *Gawel v DeLuca,* 263 App Div 838). Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur.