*679 OPINION OF THE COURT
Bentley Kassal, J.
This is a motion by the defendants pursuant to CPLR 3211 (subd [a], par 7) for an order dismissing the complaint on the ground that it fails to state a cause of action.
ISSUE
May a publicly operated commuter railroad with its own police force be held liable for failing to protect its passengers from criminal acts committed in its station?
FACTS
(1) The Incident
The complaint alleges that on August 31, 1976, the plaintiff was criminally assaulted and„raped by an unknown person at The Port Authority Trans Hudson Station, located at 6th Avenue and Ninth Street in Manhattan, by reason of the defendants’ negligence in failing to maintain a safe, secure and adequately protected station. Specifically, the complaint alleges that the defendants were negligent in failing to perform the following: (1) to provide enough police officers, (2) to maintain adequate lighting, and (3) to adequately maintain and monitor a remote control television surveillance system which had been installed to prevent criminal activity.
(2) THE DEFENDANTS’ STATUS
The defendant, Port Authority of New York (Port Authority), is a bi-State agency, created by interstate compact between the States of New York and New Jersey, and by legislation, it is declared to be "a body, both corporate and politic.” (See L 1921, ch 154.) One of its bi-State transportation operations is the interstate commuter railroad, Port Authority Trans Hudson Corporation (PATH). As a joint or common agency of the sovereign States of New York and New Jersey, it was clothed with sovereign immunity. However, in 1951, the Port Authority waived its sovereign immunity to various suits, including torts such as that alleged herein. (L 1950, ch 301.)
The Port Authority maintains its own police force and in doing so, it utilizes surveillance monitoring equipment to provide security in its facilities. Plaintiff claims she relied on such security. Finally, plaintiff alleges that the Port Authority was negligent in failing to provide proper security and that *680 this was the proximate cause of her injuries. The foundation of this motion is defendants’ claim that no duty to plaintiff was breached because they had no duty to protect the plaintiff.
DECISION
The general rule with regard to actions in negligence for failure to provide adequate police protection is: "a municipality, acting in its governmental capacity for the protection of the general public, cannot be cast in damages for mere failure to furnish adequate police protection to a particular individual to whom no special duty is owed”. (Motyka v City of Amsterdam, 15 NY2d 134; Bass v City of New York, 38 AD2d 407, 413, affd 32 NY2d 894.) The Bass case (supra) was an action against the housing authority police for failure to provide adequate police protection to residents of a city housing project, which was claimed to be the proximate cause of a rape and homicide. The court (supra, p 413) dismissed the complaint holding that the exercise of police powers by the housing authority was a "governmental function” which fell within the general rule of immunity (Motyka v City of Amsterdam, supra), finding that there was no special duty owed to a resident of the project.
(1) SPECIAL RELATIONSHIP TEST FOR GOVERNMENTAL LIABILITY
The Port Authority police force performs a "governmental function” similar to that of the housing authority police when exercising its police powers (see CPL 1.20, subd 34; NJ Stat 32:2-25). As such, any liability for failure to provide adequate protection must be based upon proof of "a special relationship” between the defendant and the plaintiff, creating a duty to use due care. (Florence v Goldberg, 44 NY2d 189, 195.)
(A) BY SPECIFIC ASSURANCES
Generally, where a special relationship between plaintiff and a municipality has been recognized, that relationship has been founded upon specific assurances given by properly authorized public officials to an individual or class of individuals who then relied upon such assurances. (See Schuster v City of New York, 5 NY2d 75; Florence v Goldberg, supra; Bloom v City of New York, 78 Misc 2d 1077; Municipal Tort Liability for Failure to Provide Adequate Police Protection in New York, 39 Alb L Rev 599.) Since there is no claim of any *681 specific assurances of adequate police protection to plaintiff by the Port Authority, a "special relationship” cannot be established on this basis.
(B) BY COMMON CARRIER
A "special relationship” between a governmental authority and a plaintiff may also arise when the authority, in performing proprietary functions, performs the role of a common carrier. In Amoruso v New York City Tr. Auth. (12 AD2d 11) , the plaintiff sued for injuries sustained as the result of an assault in a subway station. The Appellate Division (supra, p 12) reversed a dismissal of the complaint stating, "There is no question but that the defendant [a municipal transit authority], a railroad carrier, is under a duty to take reasonable precautions for the protection and safety of its passengers. The nature and extent of such duty is dependent upon the circumstances of each particular situation and the danger reasonably to be anticipated. That, and whether such duty has been fully discharged, is determined either as a question of fact * * * or as a matter of law”. (Emphasis added.)
The duty of a common carrier to provide adequate protection for its passengers is not that of an insurer, but may be analogized to the responsibility of a landlord for criminal acts committed on its premises. That duty has been defined by the Appellate Division, Second Department, in Sherman v Concourse Realty Corp. (47 AD2d 134, 140). Citing Kline v 1500 Massachusetts Ave. Apt. Corp. (439 F2d 477, 481), the court concluded that where the landlord has notice of criminal activities which are likely to recur, and has the exclusive power to prevent them, it is not unfair to require him to take steps to reduce the predictable risks to the safety of his tenants. It should be noted that the scope of such duty is limited to "predictable risks” given the location, prior history of criminal activity, and existing safety measures. (Henszey and Weisman, What Is the Landlord’s Responsibility for Criminal Acts Committed on the Premises?, 6 Real Estate L J 104.)
A nongovernmental railroad carrier has been held to have a duty to its passengers to furnish a sufficient police force to protect them from the reasonably foreseeable assaults or violence of other passengers or strangers. (Siegelbaum v Dowling, 254 App Div 336, affd 280 NY 644; Dilley v Baltimore Tr. Co., 183 Md 557.) Such a duty would appear to be equally applicable to a government maintained railroad. (See Twist v *682 City of Rochester, 37 App Div 307; 18 McQuillin, Municipal Corporations [3d ed], § 53.79b.)
Unlike the defendants in the Amoruso v New York City Tr. Auth. (12 NY2d 11, supra) case these defendants have installed surveillance equipment at the location of the alleged incident. If plaintiff can demonstrate that this equipment was installed to provide passenger security, it may be found that defendants assumed a duty to plaintiff. "It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all”. (Glanzer v Shepard, 233 NY 236, 239.)
In a rapidly developing area of the law, such as this, the court should be hesitant to grant a CPLR 3211 (subd [a], par 7) motion to dismiss, thereby depriving the appellate courts of the full exposition of the facts, available only on a trial, upon which they may rule.
Therefore, taking the allegations in the complaint as true and giving plaintiff the benefit of all inferences therefrom, this court cannot state that the complaint fails to state a cause of action as a matter of law. The determination of the nature and extent of defendants’ duty, if any, to provide a safe, secure and adequately protected station, in light of the circumstances known to defendant at the time of the incident, is properly an issue for trial. (See Amoruso v New York City Tr. Auth., supra.)
Accordingly, the motion by defendants is denied.