*953 OPINION OF THE COURT
Arnold Guy Fraiman, J.
Motion Nos. 43 and 44 of the calendar of March 21, 1979 are consolidated for disposition. By Motion No. 43, defendant Long Island Rail Road moves for summary judgment pursuant to CPLR 3212 in this action for wrongful death. By her complaint, plaintiff alleges that the decedent was murdered in a passageway near the subway station at West 35th Street and Eighth Avenue in New York City, which passageway was "operated, managed and maintained and controlled” by defendant Long Island Rail Road and the codefendants City of New York, New York City Transit Authority ("NYCTA”) and Metropolitan Transit Authority. She alleges that his death resulted from the failure of defendants to adequately protect him. However, defendant Long Island Rail Road states unequivocally that it does not own, operate, maintain or control the area in which the murder occurred and plaintiff has offered no evidence to rebut this statement. Similarly, in companion Motion No. 44, in which the codefendants move to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7; subd [c]), defendant Metropolitan Transit Authority states that its functions with respect to public transportation are limited to financing and planning and that they do not include the operation, maintenance or control of any facility, and plaintiff has also offered no evidence to rebut this statement. Accordingly, the motion to dismiss the complaint is granted as to those two defendants since no showing has been made that they bear any responsibility for the area in which the murder occurred.
Basis for defendants City of New York and NYCTA’s motion to dismiss is that, as a municipality or public authority, they are not liable for any failure to provide adequate police protection to the public, absent a special duty to do so, which, they contend, was not present in this case. In support of this proposition, they rely primarily upon Riss v City of New York (22 NY2d 579) and Bass v City of New York (38 AD2d 407, affd 32 NY2d 894) and a recent Appellate Term decision in Kings County, Shernov v New York City Tr. Auth. (NYLJ, Oct. 16, 1978, p 17, col 2). The Riss and Bass cases indeed stand for the proposition for which they are cited, but neither case involved a municipality or public authority qua common carrier. When a municipality or public authority acts as a common carrier, its duties are the same as any other *954 such carrier, to wit, to take reasonable precautions for the protection and safety of its passengers. (Amoruso v New York City Tr. Auth., 12 AD2d 11; Eisman v Port Auth. Trans. Hudson Corp., 96 Misc 2d 678.) Thus, by alleging in her complaint that defendants failed to take adequate measures to have prevented decedent’s murder and failed to properly protect him, plaintiff has asserted a viable cause of action, and the motion of codefendants City of New York and NYCTA is denied. To the extent that this determination is contrary to Shernov v New York City Tr. Auth. (supra), the court declines to follow that decision.