■ HENRIETTA SHERNOV, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated October 4, 1978, which (1) reversed a judgment of the Civil Court of the City of New York, Kings County, entered April 12, 1977, which, after a jury trial, was in favor of the plaintiff in the principal amount of $50,000, and (2) dismissed the complaint. Order affirmed, without costs or disbursements. The Appellate Term erred in holding that defendant, a common carrier, had no duty to take reasonable measures to protect plaintiff from injuries inflicted upon her by third persons (see *Amoruso v New York City Tr. Auth.,* 12 AD2d 11; *Prinz v City of New York,* 98 Misc 2d 952). The complaint was properly dismissed, however, because plaintiff failed to establish that any breach of such duty by defendant was a proximate cause of her injuries (cf. *Evers v Westerberg,* 38 AD2d 951, 952, affd 32 NY2d 684). Damiani, J.P., Gibbons, Rabin and Thompson, JJ., concur.

■ SISTERS OF ST. DOMINIC et al., Respondents, v ORANGE AND ROCKLAND POWER COMPANY, Appellant. — In an action to recover damages for negligence and breach of contract, defendant appeals from a judgment of the Supreme Court, Rockland County, dated September 27, 1979, which was in plaintiffs' favor, upon a jury verdict. Judgment reversed, on the law, without costs or disbursements, and new trial granted. The portion of the charge with respect to the standard of liability applicable to the defendant was erroneous. Once accepted by the Public Service Commission, a tariff schedule, including 'a limitation on liability provision, "takes on the force and effect of law and governs every aspect of the utility's rates and practices; neither party may depart from the measure of compensation or standard of liability contained therein" *(Lee v Consolidated Edison Co. of N.Y.,* 98 Misc 2d 304, 305-306; Public Service Law, § 65, subd 5; § 66, subd 12; *Lo Vico v Consolidated Edison Co.,* 99 Misc 2d 897). Since the tariff schedule herein established that defendant could be held liable only if the damage caused resulted from defendant's negligence, the court erred when it charged that defendant could be held absolutely liable pursuant to subdivision 1 of section 65 of the Public Service Law. Furthermore, the charge was ambiguous insofar as the court charged that defendant could be liable for a breach of subdivision 1 of section 65 of the Public Service Law on both the theory of absolute liability and negligence per se. A new trial is necessary since the charge left the jury with an ambiguous and confused statement of the law (see *Clarke v Schmidt,* 210 NY 211; *Nourse v Welsch,* 23 AD2d 618). Damiani, J.P., Gibbons, Rabin and Thompson, JJ., concur.