■ ANGELA MAIELLO et al., Appellants, v CHRYSLER CORPORATION et al., Defendants, and NEWBURGH PARK MOTORS, INC., Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Torraca, J.), entered November 20, 1987 in Ulster County, which denied plaintiffs' motion to vacate a default judgment in favor of defendant Newburgh Park Motors, Inc.

This action seeks rescission of a contract of sale of a 1982 automobile and damages based upon alleged defective brakes.* Defendant Newburgh Park Motors, Inc. (hereinafter defendant), the dealer which sold the car, interposed a counterclaim for a deficiency upon sale following repossession, plus counsel fees. At a pretrial conference on January 26, 1987, Supreme Court scheduled a nonjury trial for February 20, 1987. At the request of Roger W. Kohn, plaintiffs' attorney, the trial was adjourned to February 23, 1987 and later to February 26, 1987. Kohn's further request for an adjournment was granted and the trial scheduled for March 5, 1987.

On March 3, 1987 Kohn wrote the court requesting yet another adjournment because he was required to be at a conference in United States District Court that morning and at a Department of Motor Vehicles license revocation hearing in the afternoon. Supreme Court instructed the court clerk to telephone Kohn and advise him that if "he did not appear or his client did not appear, the complaint would be dismissed and the court would entertain the counterclaim at that time". The clerk testified to her telephone conversation with Kohn and to his response: "He neither indicated specifically that someone would be here nor they wouldn't be here." After waiting 1½ hours for plaintiffs or Kohn to appear, the court dismissed the complaint and granted judgment on the counterclaim after an inquest *(see,* CPLR 3215 [a]). Plaintiffs' August 25, 1987 motion for vacatur of the default judgment was denied, giving rise to this appeal.

CPLR 5015 (a) (1) permits vacatur of a default judgment within one year of notice of its entry. Both the trial court and this court have inherent power, as well as statutory power, to set aside a judgment on appropriate grounds *(McMahon v City of New York,* 105 AD2d 101, 104). To succeed, the party must show a valid excuse for the default, a meritorious defense and

---

* The action was settled and discontinued against both defendants Chrysler Corporation, the manufacturer, and Highland National Bank, which financed the purchase.

the absence of willfulness *(Howlan v Rosol,* 139 AD2d 799, 800). Defendant contends that no reasonable excuse for the default has been presented. We agree. The procedure governing an application for an adjournment based upon trial counsel's inability to proceed due to another court engagement or schedule conflict may be found in the Uniform Rules for the New York State Trial Courts *(see,* 22 NYCRR part 125). Determination on the application is made by the court upon consideration of the contents of the attorney's affidavit of engagement and surrounding circumstances *(see,* 22 NYCRR 125.1 [e] [1], [2]). Kohn's failure to comply with either the regulations or Supreme Court's direction to be present for the trial supports dismissal of the complaint and judgment on the counterclaim *(see,* CPLR 3215 [a]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.08). Not having found the excuse for the default to be reasonable, we need not consider the merits of plaintiffs' case. Under these circumstances, we cannot say that Supreme Court abused its discretion in denying vacatur *(cf., Hurtig v Podmore,* 63 AD2d 960).

We do find, however, and defendant's brief concedes, that judgment should not have been entered against plaintiff Angela Maiello. She was not party to the financing agreement nor did the counterclaim seek recovery against her. Supreme Court granted judgment to defendant without identifying the judgment debtors. A judgment affected by mistake, defect or irregularity in the papers not affecting a substantial right of a party may be corrected by the trial or appellate court *(see,* CPLR 5019 [a]; *Crain v Crain,* 109 AD2d 1094). Accordingly, we correct an obvious technical mistake by modification of the order to delete therefrom the name of Angela Maiello as a judgment debtor.

Order modified, on the law, without costs, by deleting therefrom the name of plaintiff Angela Maiello as a judgment debtor, and, as so modified, affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.