■ ORANGE AND ROCKLAND UTILITIES, INC., Respondent, v JODI-LYNN WASHOMATIC, Appellant.—Harvey, J. Appeal

(transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Silberman, J.H.O.), entered May 13, 1991 in Rockland County, upon a decision of the court in favor of plaintiff.

Defendant was the owner of a parcel of real property located in the Town of Clarkstown, Rockland County, which abutted a County road for a distance of approximately 500 feet. Defendant sought to develop this property and a subdivision plan was submitted to the Town Planning Board for approval. In approving defendant's plan, the Planning Board imposed a number of conditions on the construction of the project.

Significantly, these conditions required defendant to (1) dedicate a strip of its property to the County, (2) construct curbing adjacent to the existing road at a distance varying between two and six feet from the edge of the macadam, (3) install macadam between the existing macadam and the newly constructed curbs, and (4) ensure that the four utility poles then located along the side of the road and owned by plaintiff, a public utility, be moved outside the newly constructed curb.

Thereafter, defendant installed the curbing and macadam pursuant to the conditions of the subdivision plan. However, plaintiff's utility poles were not moved because defendant refused to pay plaintiff for the cost of their removal. Left where they were between the newly constructed curb and the traveled portion of the road, the poles were dangerous to the traveling public. Because of the potential danger, plaintiff removed the poles at its own expense and then commenced this action seeking to recover from defendant the cost of the removal. After a nonjury trial, Supreme Court found in favor of plaintiff and awarded damages for the cost of removing the poles. This appeal by defendant followed.

We affirm. In our view, Supreme Court's determination that defendant, and not plaintiff, was responsible for the cost of relocating the utility poles is supported by the evidence.* We

---

* There was some confusion among the parties as to the amended complaint over whether plaintiff's cause of action seeking reimbursement for the removal of the poles states a claim for quantum meruit, prima facie tort or public nuisance. Supreme Court did not specify as to which theory it applied in finding for plaintiff but we find that the proof was sufficient to fit into any of these theories. We note that the elements of causes of action in prima facie tort (see, Matter of Schulz v Washington County, 157 AD2d 948,

reject defendant's principal contention that plaintiff is allegedly bound by a filed tariff *(see,* Public Service Law § 66 [12]; *Sisters of St. Dominic v Orange & Rockland Power Co.,* 79 AD2d 1021) to pay for the removal of the utility poles in this instance. The tariff in question reads, in relevant part, as follows: "[Plaintiff] shall furnish, place, construct, operate, maintain and, *when necessary,* replace at its own cost and expense all overhead electric lines and overhead service connections and other facilities within the territorial limits of any street, avenue, road or way that is for any highway purpose under the jurisdiction of the legislative body of any city, town, village, county or the State of New York, or on a private right of way when [plaintiff] elects to use such route in lieu of construction within such limits" (emphasis supplied).

At the outset, it should be noted that plaintiff claims that this tariff is completely irrelevant to the instant situation because it is apparently a tariff for *new service* and not for replacement of existing poles. Regardless of the merit of this assertion, we find that the words "when necessary" in the tariff allow plaintiff to distinguish between the movement of utility poles for the benefit of the public and movement for the benefit of an individual private developer. Such a reading is consistent with plaintiff's internal policy guide, which specifically allows it to charge developers for the movement of utility poles when they are moved for a developer's benefit and not that of a municipality. Accordingly, we cannot adopt defendant's position that plaintiff is responsible for the cost of removing poles regardless of the reason therefor.

In sum, because we find that the evidence sufficiently comports with Supreme Court's disposition of the matter, affirmance is required. The remaining arguments in favor of reversal advanced by defendant have been considered and have been found to be unpersuasive.

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

950) and public nuisance *(see, Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 568) require that special damages be proved. Here, the proof at trial established that the poles' locations after completion of defendant's construction were dangerous and subjected plaintiff to liability should an accident occur *(see, e.g., Crecca v Central Hudson Gas & Elec. Corp.,* 146 AD2d 858). While potential liability may not be typically considered "special damages", it must be remembered that special damage is generally described as "damage of a special character, distinct and different from the injury suffered by the public generally" (81 NY Jur 2d, Nuisances, § 50, at 374; *see,* Prosser and Keeton, Torts § 90, at 648-649 [5th ed]).