■ ORANGE & ROCKLAND UTILITIES, INC., Respondent, v SIDNEY SCHULSON et al., Doing Business as TOWN PLAZA II, Appellants. (And a Third-Party Action.) [605 NYS2d 571] — White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Weiner, J.), entered February 22, 1992 in Rockland County, which granted plaintiff's motion for summary judgment.

On December 28, 1987 defendants received final site plan approval from the Planning Board of the Town of Orangetown for the development of a shopping center on lands in the Town of Orangetown, Rockland County, that were bordered in part by Mountainview Avenue. Pursuant to the site plan, defendants were required to widen a portion of Mountainview Avenue. When they did so, one of plaintiff's utility poles, which previously had been located a few feet off the shoulder of the road, was in the paved portion of Mountainview Avenue. Because one of the notes attached to the site plan approval required defendants to relocate utility poles affected by construction, the Town asked them to move the pole. They refused to do so. Finally, in response to the Town's letters that the pole was a "traffic hazard" and an "unsafe, unsightly obstacle", plaintiff moved the pole and forwarded a $19,022 bill to defendants, who did not pay it.

Plaintiff then commenced this action to recover the costs of removing the pole and subsequently moved for summary judgment. Supreme Court granted the motion, finding that the pole was a safety hazard and that defendants were responsible

for removing it because they had created the hazardous condition. This appeal followed.

Defendants' contention that they are not responsible to pay for the relocation of the pole is predicated upon a tariff filed by plaintiff with the Public Service Commission. This tariff reads, in pertinent part, that "[plaintiff] shall furnish, place, construct, operate, maintain and when necessary, replace at its own cost and expense all overhead electric lines and overhead service connections * * * within the territorial limits of any street, avenue, road or way that is for any highway purpose under the jurisdiction of the legislative body of any city, town, village, county or the State of New York".

We recently considered this argument in *Orange & Rockland Utils. v Jodi-Lynn Washomatic* (187 AD2d 855). There we held that the tariff required the utility to bear the expense of relocating poles when the relocation was for the benefit of the public but not when it was for the benefit of an individual private developer *(supra, at 857)*. Unquestionably, the relocation of the pole here was for defendants' private benefit because it was done to accommodate the widening of Mountainview Avenue, which was an integral component of defendants' shopping center development. Thus, we find that the tariff has no application to this case.

Therefore, because plaintiff's submissions establish that the pole's location created a safety hazard and defendants did not come forward with admissible evidence on this point creating an issue of fact, we conclude that Supreme Court properly granted summary judgment to plaintiff *(see, Zuckerman v City of New York*, 49 NY2d 557; *Orange & Rockland Utils. v Jodi-Lynn Washomatic, supra,* at 857). Accordingly, we affirm.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.