Vincent A. Lupiano, J.
The plaintiff, Eileen Langer, formerly Eileen Squire, now married, was, at the time of the occurrence herein, an infant of 17 years. She was assaulted by an unknown man while a passenger in the subway system, then owned and operated by the defendant, City of New York.
On Sunday, September 10, 1950, the plaintiff alighted from a subway train at the 175th Street station of the Independent Concourse line. Alone, she was followed by a man in the underpass that leads from the southbound platform to the turnstile exit close to the street stairway. The attack took place near the turnstile which is at the south end of the station. The change booth nearby was ‘ ‘ chained up ”; no one was in attendance. Another change booth (attended) and turnstile were at the other, north, end. She was bludgeoned and battered about her head and body; miraculously, she has made a good recovery.
Plaintiff’s chief contention: The defendant failed to properly exercise the police power with which it is invested for the protection of its passengers against such danger and violence which might reasonably be anticipated, or naturally expected to occur, in light of the pertinent circumstances. There is no doubt that such a duty is owed to its passengers and users, no less to the plaintiff herein.
I have evaluated the circumstances, attested by the credible evidence, so as to ascertain a breach, if any; and, if so, its proximate relationship to the occurrence and the injuries sustained. The conclusion is reached that the defendant omitted no reasonably expected protective safeguard in the vicinity of the place involved which would constitute actionable breach. To declare otherwise would fix an unreasonable imposition upon the defendant and render defendant an insurer of the plaintiff’s safety.
While, as plaintiff contends, episodes had occurred in the station, recently prior to the instant happening, which showed the underpass as the scene of somewhat similar assaults, nevertheless, we must be mindful that criminal acts have recurred in other places of public assembly without legal consequence for a failure to post continual guards at the precise or nearby points of involvement. Where, however, recurrent attacks strongly suggest the imminence of others, then specific care and attention should be directed to the particular area in a reasonable *1004 and sensible effort to avoid future, indicated danger. A moral sense of obligation would compel such action more than anything else.
Here, with the fullness of the knowledge asserted by the plaintiff, it is still more difficult, from the nature of things, though aided by the background of other incidents, to reasonably foresee and expect the instant incident, say, than the accident at the crowded platform during a ‘ ‘ rush ’ ’ hour evolving from a surge of humanity or the fall occasioned by a defective hole, timely existent, in a subway stairway. These are elements which can be reckoned with in a reasonable, regular way; but not so with crime, and to guard against it with attempted timely prediction would often impose an unnecessary, unreasonable and even excessive duty.
Other previous events of personal trespass did occur, it is true. Yet I cannot say, under these circumstances, that the defendant was at fault for not doing more than it did by way of its station-to-station patrol. In my opinion, a projection of fault would render absolute the defendant for possible recurrence of similar criminality; since more than the previous sporadic occurrences would be essential to exact continual, specific safeguards, and the breach of such duty etched and its proximate relationship fixed with causal finiteness.
And here, even assuming defendant’s knowledge of the asserted previous incidents (which defendant partially devaluated) I cannot say with reasonable certainty that even the constant posting or presence of guards in a fixed or roving purpose, would have averted this attack — a volatile, sudden uprising of criminality.
Because of these doubts, which I have weighed considerably and seriously, the burden necessary for plaintiff’s recovery has bogged down, and the entire complaint must be dismissed. Judgment is directed accordingly, upon this decision which is made pursuant to section 440 of the Civil Practice Act.„