LEONARD AMORUSO, Appellant, *v.* NEW YORK CITY TRANSIT AUTHORITY, Respondent.

First Department, December 6, 1960.

12

*Frank Serri* of counsel (*Joseph A. De Marco* with him on the brief), for appellant.

*Edward W. Summers* of counsel (*Helen R. Cassidy* with him on the brief; *Daniel T. Scannell,* attorney), for respondent.

*Per Curiam.* In this case plaintiff sues for injuries sustained by him as a result of an assault upon him in a subway station located at 14th Street and 8th Avenue. The trial court dismissed the complaint at the conclusion of the case without submitting it to the jury.

There is no question but that the defendant, a railroad carrier, is under a duty to take reasonable precautions for the protection and the safety of its passengers. The nature and extent of such duty is dependent upon the circumstances of each particular situation and the danger reasonably to be anticipated. That, and whether such duty has been fully discharged, is determined either as a question of fact (*Langer* v. *City of New York,* 9 Misc 2d 1002, affd. 8 A D 2d 709) or as a matter of law (*Moriarty* v. *New York City Tr. Auth.,* 11 A D 2d 654) dependent upon the evidence presented. By dismissing the complaint without a submission to the jury the court made such determination as a matter of law. We conclude that in the circumstances such dismissal was error.

Some of the facts were clearly established beyond dispute, such as the location of the subway station and its physical lay-

out, incidents of prior assaults, etc. However, there were others that were in sharp dispute or at least remained undetermined. These were directed chiefly towards the steps the carrier took in discharge of the obligation owing to its passengers. One of such unresolved questions was whether a police officer was present at the subway station at the time of the assault, or whether there was an officer present at the adjoining B. M. T. station at the time in question. If it were found that there were such officers present, there is the further question as to whether they were negligent in the performance of their duties. Without the resolution of such questions of fact the court could not properly reach the question of law. On a motion to dismiss we are obliged to give the plaintiff the benefit of every fair inference that could be drawn from the evidence. Doing so, we would have to assume that there was no officer present on either platform at the time of the incident complained of. A dismissal, therefore, would require that we hold as a matter of law that the defendant was under no obligation to furnish police protection on that station or on the adjoining station at the time in question. Under the circumstances here present we may not so hold. Nor do the *Langer* and *Moriarty* cases (*supra*) require a different conclusion. In the *Langer* case the court, sitting without a jury, found as a matter of fact that under the circumstances there present the carrier had discharged its duty toward the injured passenger. In the *Moriarty* case this court dismissed the complaint because on that record, giving the plaintiff the benefit of every favorable implication of the jury's verdict in his favor, it appeared, firstly that there was no proof of prior incidents, secondly that an officer was present in the station at the time of the incident and lastly that there was no showing of improper conduct or negligence on the part of the officer. We thus concluded, as a matter of law, that the defendant had fully discharged its obligation towards the passenger. This case is not comparable. The facts must first be established and that is the jury's function.

Accordingly, the judgment should be reversed, on the law, and a new trial ordered, with costs to appellant.

Stevens, J. (dissenting). In my view, the evidence as a matter of law failed to establish negligence. While there was evidence of a prior '' mugging '' committed at the 14th Street station in the afternoon some 10 months before, it is undisputed that there were four ticket agents and one porter on duty at the station at the time of the alleged assault at 5:00 A.M. It is also undisputed that there were two policemen assigned to patrol the

14th Street and 23rd Street stations and they were on duty at that time either at or between the various stations.

Moreover, I am unable to distinguish the instant case from the holdings in *Langer* v. *City of New York* (9 Misc 2d 1002, affd. 8 A D 2d 709) and *Moriarty* v. *New York City Tr. Auth.* (11 A D 2d 654). Accordingly, I vote to affirm.

BOTEIN, P. J., BREITEL and RABIN, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents and votes to affirm in dissenting opinion, in which McNALLY, J., concurs.

Judgment reversed upon the law and new trial ordered, with costs to appellant.