378 So.2d 1317 (1980)
Mercedes ALVAREZ, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, Appellee.
No. 79-561.
District Court of Appeal of Florida, Third District.
January 15, 1980.
*1318 High, Stack, Lazenby, Bender, Palahach & Lacasa and Alan R. Dakan, Neil Chonin, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
BARKDULL, Judge.
Mercedes Alvarez, plaintiff in the trial court, appeals from a "final judgment on pleadings", entered in favor of Metropolitan Dade County in an action for damages.
Alvarez was a paying passenger on a County bus when she was attacked by an unknown assailant.[1] The attack occurred at a location where other passengers had previously been assaulted. Alvarez brought suit against the County, seeking damages on the theories that the County had breached its contract of carriage and had breached, negligently, the duty owed by a common carrier to its passengers.
We affirm. The County would only be liable for the assault of one patron on another patron if the defendant knew that the particular assailant had dangerous propensities. Here, there was no previous notice to the County that the assailant had dangerous propensities. This rule of law was stated in Hall v. Seaboard Air Line Railway Company, 84 Fla. 9, 93 So. 151 (1921). In that case, a female passenger on a train was assaulted in her sleeping compartment. She rang the bell for help and screamed, but it took several minutes for the porter to finally come. The assailant escaped and, after the porter left, the assailant returned and began assaulting the plaintiff again. Again she rang the bell and screamed, but it was several minutes before the porter came. The Supreme Court held that the railroad was not liable for the first attack but, thereafter, was on notice of the person with dangerous propensities and was liable for the second attack. This is still the law in Florida. See and compare the following authorities: Wometco Theatres Corporation v. Rath, 123 So.2d 472 (Fla.3d DCA 1960); Reynolds v. Deep South Sports, Inc., 211 So.2d 37 (Fla.2d DCA 1968); Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1979); Graham v. Great Atlantic & Pacific Tea Company, Inc., 240 So.2d 157 (Fla. 4th DCA 1970).[2]
Therefore, the final judgment on the pleadings be and the same is hereby affirmed.
Affirmed.
NOTES
[1] As far as the pleadings revealed, the unknown assailant could have entered the bus at any stop along the route, possibly one where there had never been a previous assault. To hold the County liable under the allegations of these pleadings would make the County an insurer, with absolute liability to all passengers.
[2] In this connection, also see the following: Langer v. City of New York, 9 Misc.2d 1002, 171 N.Y.S.2d 390 (1958); City of Dallas v. Jackson, 450 S.W.2d 62, S.Ct.Tx (1970); Letsos v. Chicago Transit Authority, 47 Ill.2d 437, 265 N.E.2d 650 (1970); Aime v. Hebert, 282 So.2d 566 (La. App. 1973).