■ ANN G. WEINER, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. — Order, Supreme Court, New York County, entered January 14, 1980, granting summary judgment dismissing the complaint, unanimously modified, on the law, without costs or disbursements, to reverse the award of summary judgment in favor of the transit authority and, except, as thus modified, affirmed. Special Term dismissed the complaint against the transit authority on the ground that absent a showing of the existence of a special duty to plaintiff, a passenger, it cannot be held liable for failure to furnish adequate police protection. It has long been the rule that when acting in its proprietary capacity, a municipal corporation's liability for tortious conduct is coextensive with the liability of any other individual or corporate tort-feasor. (See *Riss v City of New York*, 22 NY2d 579; see, also, *Bass v City of New York*, 38 AD2d 407, affd 32 NY2d 894.) The operation of a transit system is a proprietary, not a governmental function. (See *Riss v City of New York, supra*, p 581.) Thus, "the [transit authority], a railroad carrier, is under a duty to take reasonable precautions for the protection and the safety of its passengers." *(Amoruso v New York City Tr. Auth.,* 12 AD2d 11, 12.) Here, the transit authority had actual knowledge of a number of similar incidents at the subway station where plaintiff was attacked, all occurring within the eight-month period prior to the incident in question. Nine of these incidents occurred, as here, when the token booth was closed. Thus, an issue of fact was presented as to the transit authority's negligence, and summary judgment should not have been granted. The complaint was, however, properly dismissed against the Metropolitan Transportation Authority whose responsibilities, as plaintiff concedes, do not include the operation, maintenance and control of any transit facility. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Silverman, JJ.

■ DAYTON TOWERS CORP., Respondent, v LEON D. DE MATTESIS & SONS, INC., et al., Appellants, et al., Defendant. — Order, Supreme Court, New York County, entered on September 15, 1980, unanimously affirmed for the reasons stated by Cohen, J., at Special Term, without costs and without disbursements. Concur — Kupferman, J. P., Carro, Lupiano, Fein and Lynch, JJ.

■ HANGERSMITH ENTERPRISES, INC., Respondent, v ACME PLASTIC MACHINERY, INC., Respondent, and LITTON INDUSTRIAL PRODUCTS, INC., Appellant. — Order, Supreme Court, New York County, entered on June 4, 1980, unanimously affirmed for the reasons stated by Lane, J., at Special Term. Defendant-respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Kupferman, J. P., Carro, Lupiano, Fein and Lynch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GERALD B. LEFCOURT, on Behalf of MING TOM, Appellant, v WARDEN, Respondent. — Appeal from judgment, Supreme Court, New York County, rendered on December 16, 1980, unanimously held in abeyance, without costs and without disbursements, pending receipt of the findings and report by Rothwax, J., on a bail hearing, to be held expeditiously, on a full record (including a complete transcript of tape recordings) to be held before said Justice, for which purpose this matter is remanded to Supreme Court, New York County. In our opinion the record is incomplete. Concur — Kupferman, J. P., Birns, Ross, Carro and Fein, JJ.