■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CAMPBELL, Appellant. — Judgment of the Supreme Court, Bronx County (Drohan, J.), rendered December 8, 1977, convicting appellant of the crime of robbery in the first degree and assault in the second degree and sentencing him to an indeterminate term of not less than 7½ nor more than 22½ years and an indeterminate term of not more than 7 years, respectively, to be served concurrently, unanimously modified in the interest of justice, to the extent of imposing an indeterminate term of not less than 4 nor more than 12 years for the crime of robbery in the first degree, and otherwise affirmed. Appellant and his codefendants received the same sentences, having been convicted of the same crimes. Inasmuch as the appellant has no previous criminal involvement, and is an illegal alien and as appears from his probation report has his wife and children residing in Canada, the interest of justice will be served by reducing his sentence for robbery in the first degree to an indeterminate term of not less than 4 nor more than 12 years. To the extent indicated, we find the original sentence imposed unduly harsh (CPL 450.30). Concur — Murphy, P. J., Birns, Ross and Silverman, JJ.

■ LILY BARDAVID et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — Order of the Supreme Court, New York County (Blangiardo, J.), entered May 20, 1980, granting defendant-respondent's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied. In this negligence action, plaintiff seeks to recover damages for personal injuries she sustained when allegedly mugged on April 26, 1978, at the Fort Washington entrance of the 190th Street IND subway station. Plaintiff walked down a series of steps from the street to an alcove where there are New York City Transit Authority elevators that carry people to a lower level at which the change booth and trains are located. She was mugged as she was approaching one of the elevators to descend to the lower level in order to pay her fare and board the train. Plaintiff asserts that defendant breached its duty as a common carrier to provide adequately for her safety. She maintains that, although aware of recent assaults in the area, defendant failed to take sufficient and effective measures against such dangers. Defendant's responsibility as a common carrier encompasses a "duty to take reasonable precautions for the protection and the safety of its passengers" (Amoruso v New York City Tr. Auth., 12 AD2d 11, 12). This duty arises when "the person of the passenger * * * [is] in some substantial sense in the custody of the carrier * * * in the carrier's premises" (McMahon v Surface Transp. Corp. of N.Y., 272 App Div 202, 203). Where the carrier is on notice that attacks have occurred in the area, the duty extends to taking reasonable precautions to prevent a recurrence of such incidents (Weiner v Metropolitan Transp. Auth., 80 AD2d 514). On the facts alleged by plaintiff, it cannot be said as a matter of law that she was not a passenger because she had not yet paid her fare. Whether plaintiff was a passenger presents a threshold issue of fact to be determined at trial. In the event it is found that plaintiff was "in the custody of the carrier", there is a question of fact, in the circumstances of this case, whether defendant breached its duty of protection to plaintiff. Concur — Murphy, P. J., Birns, Ross and Silverman, JJ.