■ LILY BARDAVID et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. — Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered September 29, 1982, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, the motion for summary judgment granted and the complaint dismissed. Plaintiff in this negligence action sought to recover for injuries sustained when she was mugged on April 26, 1978, at the Fort Washington entrance to the 190th Street IND subway station, which is located inside Fort Tryon Park. To enter the station, patrons must descend a flight of stairs into an alcove, containing elevators to convey them to the lower level where the token booths and subway are located. Plaintiff alleges that the Transit Authority, aware of a history of assaults and muggings, sought to minimize the danger by install- ing an electric sign, observable from the street, to indicate that the elevator was approaching the upper level. Additional instructions were given to the elevator operators to remain at the upper level to allow patrons sufficient time to descend the stairs from the park to permit passengers to remain on a public thoroughfare, in relative safety, until the elevator had arrived. Undisputed is that on the day of the incident the electric sign was not functioning. Plaintiff claims that defendant, as a common carrier, neglected its duty to take reasonable precautions for the protection and safety of its patrons. She claims that had she been given notice of the discontinuance of the service, she would have been afforded some opportunity to avoid the risk of harm. Previously, defendant had moved for summary judgment dismissing the complaint, claim- ing that it owed no duty to provide for the safety of its passengers. Relying upon our prior disposition in *Weiner v Metropolitan Transp. Auth.* (80 AD2d 514), we reversed the order of Justice Blangiardo which had granted the motion and we held that where a common carrier was on notice that attacks had occurred in the area, there was a duty to take reasonable precautions to prevent a recurrence (82 AD2d 776). The Court of Appeals, however, disagreed with our determination in *Weiner* and, in reversing, held: "The New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted." (*Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 178.) In reliance upon the Court of Appeals determination in *Weiner,* defendant here renewed its motion for summary judgment dismissing the complaint. Special Term, in denying the motion, found that the existence of the electric sign and the instructions to the elevator operators raised factual issues as to the existence of a duty on the part of the Transit Authority and whether defendant had assumed an obligation to a particular class of persons, i.e., whether a special relationship existed (see *Florence v Goldberg,* 44 NY2d 189; *Schuster v City of New York,* 5 NY2d 75; see, generally, *Moch Co. v Rensselaer Water Co.,* 247 NY 160). The court distinguished the holding in *Weiner* where no "special relationship" was claimed. We disagree and find the

Court of Appeals determination in *Weiner* is dispositive here and requires, as a matter of law, that the complaint be dismissed. Whether a special relationship exists sufficient to confer a corresponding duty upon the carrier is a question of law for the court. Clearly, the situation in our case is far different from that involved in *Florence v Goldberg (supra)*, where such a relationship was founded upon the voluntary assumption by the police department of a duty to supervise school children in crossing at designated intersections while traveling to and from school at certain times of the day. There, the child's mother had observed the presence of the guard for two weeks and, relying thereon, permitted the child to proceed to school unaccompanied. Unbeknownst to her, however, there was no guard to cover the crossing on the date of the occurrence. The child was injured when he was struck by a taxicab while attempting to cross the intersection on his way home from school. Similarly, inapposite is the situation in *Schuster v City of New York (supra)*, where a special relationship was found to exist so as to require police protection for an informer who had co-operated with the police in securing the arrest and prosecution of a known criminal. Here, however, there is no showing that the Transit Authority assumed any special duty to provide protection akin to that furnished by police authorities. Contrary to plaintiff's claim on this appeal, this is the real thrust of the complaint. Nor, under the facts of this case, does there exist a special relationship between the Transit Authority and plaintiff so as to create a duty of care for the benefit of a particular class of persons. Admittedly, plaintiff was aware at the time she entered the station that the electric sign was not working. It follows that she did not rely upon its operation to indicate the presence of the elevator. Concur — Sandler, J. P., Asch, Silverman, Bloom and Kassal, JJ.