DANIEL S. PEARSON, Judge.
The appellant, Dolores DeLucia, sued Metropolitan Dade County for damages incurred when she was assaulted by a fellow passenger on a bus owned and operated by the County. The trial court entered summary judgment in favor of the County, and DeLucia appeals. We reverse.
The law by which we are guided in determining the liability of a carrier, here the County, to a passenger assaulted by a fellow passenger is set forth in Hall v. Seaboard Air Line Ry. Co., 84 Fla. 9, 93 So. 151 (1921).
“The rule ... is in substance, that the carrier is held to the highest degree of care, vigilance, and precaution in making arrangements to guard against all dangers from whatever source arising which may naturally and according to the usual course of things be expected to occur.
[[Image here]]
“The uniform and salutary rule adopted by the American courts is that the conductor or person in charge of a [carrier] is invested with all the powers of a peace officer to protect passengers from as *1010 sault by fellow passengers or by strangers; he must exercise such powers earnestly and faithfully, and if he fails in this duty and one passenger is assaulted by another, the conductor is guilty of negligence and the company must answer for the injury inflicted.
“The liability of the carrier in such case rests, not upon the tort of the passenger, but upon the negligent omission of the carrier through its servants to prevent the tort being committed. A failure to do anything which could have been done by the servant to prevent the injury renders the carrier liable. But to do something to prevent an injury resulting from an assault by a fellow passenger implies knowledge on the part of the servant that the act is contemplated by the stranger, or by due diligence the servant could have obtained such knowledge, or had the opportunity to acquire it sufficiently long in advance of its infliction to have prevented it with the force at his command.
[[Image here]]
“It is the failure of the carrier through its agents to afford the required protection, after they had reasonable grounds for believing that violence or the insult was imminent, upon which the liability of the carrier rests_” 84 Fla. at 25-26, 93 So. at 156-57 (citations omitted).
In the present case, the County has not conclusively shown, as it is required to do to be entitled to summary judgment, that its agent, the bus driver, had no reasonable ground for believing that the assault upon DeLucia was imminent. The record reveals that DeLucia was proceeding down the aisle of the bus towards the front exit door when she apparently stepped on the fellow passenger’s foot. The fellow passenger did not take this perceived insult lightly and began directing “profanities and street talk” at DeLucia. DeLucia apologized to no avail. Then, according to her deposition:
“A. I was standing at the top of the steps, ready to depart the bus. I had apologized. , He was still brushing himself off and using profanity. I was about to step down the first step. As he was carrying on, I said, T am really sorry. I didn’t mean to brush your feet. They were in the middle of the aisle.'
“And as I started to depart, he spit in my face. At that moment, I stopped. I put my hand to my face, and backed up right next to the cash box.
“Q. In other words, you came up off the step back towards—
“A. My left foot never made it down. I simply put the other one back up and backed up.
“Q. What next happened?
“A. He was still carrying on and talking to the bus driver, and saying, ‘She’s stepping all over me, messing me up.’
“He was spitting at me, calling me things. I looked at the bus driver. I said, ‘He spit at me. ’

“The bus driver said, ‘Yes, I know, I saw him. ’

“I just stood there observing him. He was very, very angry. By this time he was absolutely belligerent. He stood up, still talking, and the next thing I know he had punched my face.” (R. 172-73) (emphasis supplied).
A fact-finder could conclude from the foregoing testimony that the bus driver was apprised that an assault and battery by the fellow passenger had occurred, see W. LaFave and A. Scott, Criminal Law § 81 at 604 n. 3 (1972) (spitting as assault or battery); R. Perkins, Perkins on Criminal Law 108 (2d ed. 1969) (same); J. Miller, Handbook of Criminal Law § 98 at 304, § 101 at 312 (1934) (same), that the bus driver had reasonable ground to believe that an act of violence by the fellow passenger in one form or another would follow, and that the bus driver did not act to prevent such violence. Summary judgment for the County was thus improperly entered.
Alvarez v. Metropolitan Dade County, 378 So.2d 1317 (Fla.3d DCA 1980), upon which the County relies, lends no support *1011 to the County’s position. Indeed, the rule of law announced in Alvarez that “[t]he County would only be liable for the assault of one patron on another patron if the defendant knew that the particular assailant had dangerous propensities,” 378 So.2d at 1318 (emphasis in original), as the Alvarez case acknowledges, derives from Hall v. Seaboard Air Line Ry. Co., and requires the very result we reach. Here, unlike the defendant in Alvarez, there is evidence from which a fact-finder could conclude that the County, through its agent, was on notice that the fellow passenger who assaulted DeLucia had dangerous propensities.
Accordingly, the summary judgment in favor of the County is reversed and the cause remanded for further proceedings.
Reversed and remanded.